FERCH, Appellant, vs. SCHROEDEL and wife, Respondents.

*October 16—November 10, 1942.*

458

*W. O. Thomas* of Milwaukee, for the appellant.
*Norman B. Silver* of Milwaukee, for the respondents.

MARTIN, J.  Plaintiff is the owner of an unimproved vacant lot in the city of Milwaukee, described as follows : Lot 6 in block 2 in Sheritol, a subdivision in the southeast quarter of section 2, township 7 north, of range 21 east.  The defendants Schroedel are the owners of lots 1, 2, 3, 4, 5, 7, and 8, in block 2, same subdivision.  The eight lots were originally part of a six-acre tract of land purchased in 1914 by defendant Charles Merz, when same were still vacant, unimproved, and situated in the town of Wauwatosa.  In March, 1928, while said property was still in the town of Wauwatosa, defendant Merz entered into a land contract with the plaintiff for a sale of the property now described as lot 6 above, same being described in the land contract by metes and bounds.  In 1928 Merz platted the six-acre tract into lots.  This plat was recorded in the office of the register of deeds of Milwaukee county on June 4, 1929.  The plat contained no general restrictions upon the use of said land or any covenants pertaining to such use.

The land contract afore-mentioned contained certain restrictions as to buildings and the location thereof on lot 6.  The restrictions are not material in this case.  By 1940 plaintiff had paid the full purchase price specified in her land contract, and on April 1, 1940, she received a warranty deed from defendant Merz.  In the meantime the property so platted had

become a part of the city of Milwaukee. There were certain building restrictions in said warranty deed, which are likewise not here material.

On February 28, 1942, Merz conveyed by warranty deed lots 1, 2, 3, 4, 5, 7, and 8, in block 2 in Sheritol subdivision to the defendants Francis J. Schroedel and Anita Schroedel, his wife. The deed contained no restrictions as to buildings or other use of said lots. The lots were still vacant and unimproved. At this time defendants Schroedel had no knowledge or notice of the restrictions contained in plaintiff's deed of lot 6.

All of the property herein mentioned is located in zone "D," according to the zoning ordinances of the city of Milwaukee. In "D" districts any type of residence dwelling may be erected with the following limitation by sec. 9-21 of the city zoning ordinances, which provides:

"Every building hereafter erected or structurally altered shall provide a lot area of not less than two thousand four hundred (2,400) square feet per family. When the lot area divided by the number of square feet per family results in a surplus of one thousand four hundred (1,400) square feet, one additional family may be permitted."

Defendants Schroedel divided their seven lots into six building areas, which under the zoning ordinances required eight thousand six hundred square feet each, whereas on the basis of the division made each area had eight thousand square feet; except as to two areas, one having only seven thousand six hundred eighty square feet, and the other having seven thousand six hundred thirty square feet. After subdividing their lots defendants Schroedel made application to the building inspector of the city of Milwaukee for building permits for six four-family multiple houses to be erected on their lots. Because of the deficiencies in the building areas above mentioned, the building inspector on January 21, 1942, denied building permits.

Thereupon, defendants Schroedel filed a notice of appeal from the decision of the building inspector to the board of appeals, which board set the hearing thereof for February 5, 1942, at 2 p. m., in the land-commission office in the city hall, being the place where the board had always conducted its hearings. Notice of the hearing in writing was given by mail to the petitioners Schroedel and to the building inspector, they being the only parties to said appeal appearing of record. A copy of the notice was posted on the bulletin board in the front office of said hearing place on January 30, 1942, which office was open to and frequented by the public during all business hours. At the time and place set for the hearing, petitioners appeared in person and by their attorney; the building inspector appeared in person and by an assistant city attorney. Following the hearing, there being no opposition, the board of appeals by unanimous vote ordered the "variance" requested by petitioners and directed the building inspector to issue building permits to petitioners. On February 6, 1942, the decision of the board of appeals was filed in its office and a duplicate original filed in the office of the building inspector. On March 31, 1942, plaintiff served notice on defendants Schroedel and the building inspector, stating that such permits violated city building and zoning ordinances and violated her rights, and requested revocation and cancellation of said permits.

Sec. 62.23 (7) (e) 1, Stats., relating to zoning, provides for a board of appeals as follows:

"1. The council which enacts zoning regulations pursuant to this section shall by ordinance provide for the appointment of a board of appeals, and shall provide in such regulations that said board of appeals may, in appropriate cases and subject to approximate conditions and safeguards, make special exceptions to the terms of the ordinance in harmony with its general purpose and intent and in accordance with general or specific rules therein contained."

Subd. 10 of sec. 62.23 (7) (e), Stats., provides:

"Any person or persons, jointly or severally aggrieved by any decision of the board of appeals, or any taxpayer, or any officer, department, board or bureau of the municipality, may present to a court of record a petition, duly verified, setting forth that such decision is illegal, in whole or in part, specifying the grounds of the illegality. Such petition shall be presented to the court within thirty days after the filing of the decision in the office of the board of appeals."

Subd. 11 of sec. 62.23 (7) (e), Stats., provides:

"Upon the presentation of such petition the court may allow a writ of *certiorari* directed to the board of appeals in order to review such decision of the board of appeals, and shall prescribe therein the time within which a return thereto must be made and served upon the relator's attorney, which shall not be less than ten days and may be extended by the court. The allowance of the writ shall not stay proceedings upon the decision appealed from, but the court may, on application, on notice to the board of appeals, and on due cause shown, grant a restraining order."

In *State ex rel. Martin v. Juneau,* 238 Wis. 564, 568, 300 N. W. 187, the court said:

"This court has repeatedly held that where a specified method of review is prescribed by an act creating a new right or conferring a new power, the method so prescribed is exclusive and if review is sought that method must be pursued." Citing *State ex rel. Attorney General v. Fasekas,* 223 Wis. 356, 362, 269 N. W. 700; *Corstvet v. Bank of Deerfield,* 220 Wis. 209, 263 N. W. 687.

Plaintiff having failed to follow the required statutory procedure, the court below had no jurisdiction in the instant case, and should have dismissed the action on that ground. Instead, the court, after a full trial of the action, dismissed same upon the merits. Since judgment of dismissal has been entered, the court will affirm the judgment on the grounds indicated.

*By the Court.*—Judgment affirmed.