City of Lake Mills, Appellant, vs. Veldhuizen and wife, Respondents.

*December 4, 1952—January 6, 1953.*

For the appellant there were briefs and oral argument by *H. A. Schmidt* of Lake Mills.

For the respondents there was a brief and oral argument by *W. E. Kiessling* of Lake Mills, and *George E. Niemann* of Watertown.

BROADFOOT, J.   One reason given by the trial court for granting the motion for nonsuit was· that the court had no jurisdiction.   It held that plaintiff had not exhausted its administrative remedy, relying upon the case of *Ferch v. Schroedel,* 241 Wis. 457, 6 N. W. (2d) 176.   In the *Ferch Case,* a lot owner objected to a decision of the zoning board

of appeals directing the city building inspector of Milwaukee to issue building permits to the defendants allowing the construction and erection of apartment buildings on lots smaller than the standard prescribed in the city ordinance. However, the zoning ordinance of the city of Milwaukee permitted the board of appeals to vary those standards. The defendants, therefore, were proceeding under a legal building permit. This court there held that the proper remedy of the plaintiff as an adjoining lot owner was to petition the board of appeals to review its action and to modify the same, and that this remedy should have been exhausted before the plaintiff sought injunctive relief.

That case is not applicable to the situation here. The zoning ordinance of the city of Lake Mills was adopted pursuant to authority granted by sec. 62.23 (7), Stats. Sec. 62.23 (7) (f) 2 provides that in case any building or structure is proposed to be erected or constructed in violation of any ordinance, the proper authorities of the city may institute appropriate action to prevent such unlawful erection or construction. Sec. 62.23 (8) authorizes a city, through its proper officers, to bring an action to enjoin the erection or construction of a building that would violate any provision of the zoning ordinance. In addition to the fact that the proposed building would encroach upon the public way or alley, it was alleged that the erection and construction thereof would also violate provisions of the zoning ordinance.

A motion for nonsuit is equivalent to a demurrer to the evidence. *Griffin v. Milwaukee E. R. & L. Co.* 185 Wis. 251, 201 N. W. 254. In passing upon a motion for nonsuit the trial court should view the evidence in a light most favorable to the plaintiff and must give the plaintiff the benefit of the most favorable inferences that can reasonably be deduced therefrom. The record discloses evidence as follows:

Sub. 3 of sec. IV of the zoning ordinance provides that every building hereafter erected shall be located on a lot and

in no case shall there be more than one main building on one lot. The ordinance also defines an accessory building as one subordinate to but not part of the main building and used for a purpose incidental to the permitted use of the main building. There is testimony in the record that the property of the defendants consists of a single lot. The ground floor of the main building thereon, which is the only building thereon, is used for conducting a variety store by tenants of the defendants. The second story thereof is used for dwelling purposes. The defendants, upon adverse examination, testified that they planned to use the proposed building personally as a garage, office, and warehouse from which they would conduct a vending-machine business. Giving the testimony a construction most favorable to the plaintiff, it would appear that the building would be used for the storage and repair of the vending machines and the storage of such merchandise as gum, candy, peanuts, and cigarettes with which to service the vending machines. Apparently that business would have no connection with the variety-store business and would not be incidental thereto.

It also appears from the record that the proposed building would not correspond with the plan submitted by the defendants with their application for the building permit.

We refrain from commenting at length upon the evidence because a new trial will be necessary, but it is apparent that the court had jurisdiction and that the motion for nonsuit should not have been granted.

The plaintiff also seeks a judgment declaring that the south 25 feet of the defendants' lot be defined to be a public way and road. The plaintiff failed to prove the existence of a public alley across the south 25 feet of the defendants' lot but did produce testimony upon the trial of a variety of travel by many persons across the lot at the rear of the main building thereon, and at the close of its case moved that the pleadings be amended to conform to the proof.

The record does not disclose what ruling was made on the motion. There is also some question whether the evidence of travel across the lot tends to establish a public highway or easements in favor of adjoining property owners. Since there must be a new trial, orderly procedure suggests an amended complaint to set out the relief the plaintiff desires and can prove.

*By the Court.*—Judgment reversed and cause remanded with directions for a new trial.