Bartz (Paula), Plaintiff and Respondent, v. Braun and others, Defendants and Appellants: Rohrscheib and another, Defendants and Respondents.

Bartz (Walter O.), Plaintiff and Respondent, v. Same, Defendants and Appellants: Same, Defendants and Respondents.

*October 2—October 31, 1961.*

For the appellants there was a brief by *John F. O'Brien,* and oral argument by *George J. Laird,* both of Fond du Lac.

For the respondents Bartz there was a brief and oral argument by *Rudolph L. Forrer* of Milwaukee.

For the respondents Rohrscheib and Northwestern National Casualty Company there was a brief by *Wickham, Borgelt, Skogstad & Powell,* attorneys, and *Edmund W. Powell* of counsel, all of Milwaukee, and oral argument by *Edmund W. Powell.*

BROADFOOT, J. At the close of the plaintiffs' testimony, the appellants moved for a nonsuit and the motion was denied by the trial court. It is contended upon appeal that this was error.

A motion for nonsuit presents a question of law for determination by the court and is equivalent to a demurrer to the evidence. In passing thereon the trial court should view the evidence in a light most favorable to the plaintiff and must give the plaintiff the benefit of the most-favorable

inferences that can reasonably be deduced therefrom. *Lake Mills v. Veldhuizen* (1953), 263 Wis. 49, 56 N. W. (2d) 491.

At the time the motion was made, Mrs. Rohrscheib and Mrs. Bartz had testified and given their versions of how the accident happened and the defendant Paul Braun had been called as an adverse witness. We have reviewed the record and find that from the evidence adduced prior to the making of the motion for nonsuit there were inferences that could properly be drawn by the jury that Braun was causally negligent. Therefore the motion for nonsuit was properly denied.

Appellants allege error by the trial court in submitting a question as to the negligence of Braun in failing to yield one half of the traveled portion of the roadway because there was no evidence that Braun was ever on his wrong side of the road.

Mrs. Rohrscheib testified that she drove on her own side of the highway until her car swerved just prior to the accident, and that when she first saw the Braun car it was practically in front of her. A police officer testified to statements made by Mrs. Rohrscheib right after the accident in which she stated that she drove on her own side of the road and that Braun' cut the corner too short. Although Braun testified that he drove on his own half of the highway at all times, the testimony and statements of Mrs. Rohrscheib justified the submission of the question.

The appellants also claim the trial court erred in the form of two questions in the special verdict. The record discloses that objection was made to submitting inquiries as to the negligence of Braun and a motion was made that the trial court answer all of them in the negative as a matter of law. We do not, however, find any objection to the form of the questions or to the language employed

therein. In motions after verdict the appellants merely moved to change the answers in the verdict relating to Braun's negligence and for dismissal as to the appellants upon the verdict as so changed. Our review of the record discloses no error in submission of the special verdict that can now be raised on appeal.

Finally, the appellants contend that there was no credible evidence to support the findings of the jury as to the causal negligence of Braun. According to Braun's own testimony he saw the Rohrscheib car as he came over the crest of the hill approximately 650 feet from the point of the collision. When he first saw the Rohrscheib car it appeared to be on the easterly shoulder of the highway and he could tell the driver was in trouble; she was fighting the wheel, and he wondered what was going to happen. He estimated the time interval at about thirty seconds, although from the distance involved and the stated speed of his automobile it was more likely to have been eleven or twelve seconds. However, his only precaution was to remove his foot from the accelerator and perhaps lightly touch his brake. When the Rohrscheib car swerved across the highway he applied his brake hard and left skid marks of 30 feet up to the point of the accident. A portion of the manual for motorists issued by the motor vehicle department showing stopping distances of automobiles at different speeds was introduced in evidence.

It is apparent that Braun had ample distance and time within which to stop his car after he saw Mrs. Rohrscheib was in trouble and fighting the wheel and her conduct caused him to wonder what was going to happen. In *Laughnan v. Aetna Casualty & Surety Co.* (1957), 1 Wis. (2d) 113, 83 N. W. (2d) 747, Laughnan, traveling 30 to 40 miles per hour first saw an approaching car about 1,500 feet away and 500 feet from the point of impact. He

saw the approaching car swerving from side to side, then saw it straighten out and then resume its erratic course. The driver took his foot off the accelerator and allowed the speed of his car to diminish slightly but drove toward the approaching car upon his own side of the highway. When the cars were nearly in passing position the approaching car then swerved sharply and there was a collision. Although Laughnan put his brakes on hard and attempted to turn onto the right shoulder, a collision followed. A finding of causal negligence as to management and control was made as to the driver Laughnan. That finding was approved by this court, and it was stated that Laughnan's inaction contributed to the emergency and therefore the emergency doctrine was not available to him.

The same reasoning applies in the present case. Had Braun acted timely to slow his speed or stop his car the accident might well have been avoided. There is sufficient credible evidence in the record to support the answers of the jury in that respect.

It is probable that the question of Braun's negligence as to speed should not have been submitted. In *Jennings v. Mueller Transportation Co.* (1955), 268 Wis. 622, 68 N. W. (2d) 565, we held that failure to reduce speed after a dangerous situation has been sighted is properly a matter of management and control and not speed. Any finding of causal negligence on the part of Braun will support the judgments in these cases. Had there been recovery by Mrs. Rohrscheib it might be argued that the submission of this question affected the comparison of negligence. However, there was no negligence on the part of the plaintiffs Bartz and even though the apportionment of negligence were increased somewhat as to Mrs. Rohrscheib and correspondingly decreased as to Braun, the record discloses that he was causally negligent with respect to the management and

control of his automobile. That finding would require some apportionment of negligence to him and that would support the judgments.

*By the Court.*—Judgments affirmed.