MASTER DISPOSAL, INC., Appellant, v. VILLAGE OF
MENOMONEE FALLS and others, Respondents.

*No. 178. Argued October 1, 1973.—Decided October 30, 1973.*
(Also reported in 211 N. W. 2d 477.)

For the appellant there was a brief by *McLario, Bernoski & Koener,* attorneys, and *Ronald George Bernoski* of counsel, all of Menomonee Falls, and oral argument by *Ronald S. Koener.*

For the respondents there was a brief by *Puls & Puls,* attorneys, and *Norman J. Baker* of counsel, all of Milwaukee, and oral argument by *Mr. Baker.*

BEILFUSS, J. While not raised in the briefs, at oral argument this court posed the question of whether the trial court and, in turn, this court, had jurisdiction because the plaintiff sought declaratory relief rather

than a writ of certiorari as required by sec. 62.23 (7) (e), Stats., and this court's opinion in *Ferch v. Schroedel* (1942), 241 Wis. 457, 6 N. W. 2d 176. Although invited to do so, neither party has responded to this inquiry.

In *Ferch v. Schroedel, supra,* at pages 460, 461, we stated:

"Sec. 62.23 (7) (e) 1, Stats., relating to zoning, provides for a board of appeals as follows:

" '1. The council which enacts zoning regulations pursuant to this section shall by ordinance provide for the appointment of a board of appeals, and shall provide in such regulations that said board of appeals may, in appropriate cases and subject to approximate [appropriate] conditions and safeguards, make special exceptions to the terms of the ordinance in harmony with its general purpose and intent and in accordance with general or specific rules therein contained.'

"Subd. 10 of sec. 62.23 (7) (e), Stats., provides:

" 'Any person or persons, jointly or severally aggrieved by any decision of the board of appeals, or any taxpayer, or any officer, department, board or bureau of the municipality, may present to a court of record a petition, duly verified, setting forth that such decision is illegal, in whole or in part, specifying the grounds of the illegality. Such petition shall be presented to the court within thirty days after the filing of the decision in the office of the board of appeals.'

"Subd. 11 of sec. 62.23 (7) (e), Stats., provides:

" 'Upon the presentation of such petition the court may allow a writ of *certiorari* directed to the board of appeals in order to review such decision of the board of appeals, and shall prescribe therein the time within which a return thereto must be made and served upon the relator's attorney, which shall not be less than ten days and may be extended by the court. The allowance of the writ shall not stay proceedings upon the decision appealed from, but the court may, on application, on notice to the board of appeals, and on due cause shown, grant a restraining order.'

"In *State ex rel. Martin v. Juneau,* 238 Wis. 564, 568, 300 N. W. 187, the court said:

" 'This court has repeatedly held that where a specified method of review is prescribed by an act creating a new right or conferring a new power, the method so prescribed is exclusive and if review is sought that method must be pursued.' Citing *State ex rel. Attorney General v. Fasekas,* 223 Wis. 356, 362, 269 N. W. 700; *Corstvet v. Bank of Deerfield,* 220 Wis. 209, 263 N. W. 687.

"Plaintiff having failed to follow the required statutory procedure, the court below had no jurisdiction in the instant case, and should have dismissed the action on that ground. Instead, the court, after a full trial of the action, dismissed same upon the merits. Since judgment of dismissal has been entered, the court will affirm the judgment on the grounds indicated."

Although the above ruling applied to land located and zoned in a city, sec. 61.35, Stats., states that:

"The provisions of section 62.23 shall apply to villages, and the powers and duties conferred and imposed by said section upon mayors, councils and specified city officials are hereby conferred upon presidents, village boards, and village officials performing duties similar to the duties of such specified city officials, respectively. . . ."

The respondent-governmental unit in this case is the village of Menomonee Falls and therefore *Ferch v. Schroedel, supra,* applies.

Because the Declaratory Judgment Act, sec. 269.56, Stats., was in existence when the legislature passed sec. 62.23 (7) (e), and when the court decided *Ferch v. Schroedel, supra,* a declaratory judgment action is not an exception; and that appeal by certiorari is the exclusive remedy to challenge the action of the plan commission and the zoning board of appeals.[1]

In *Lakeshore Development Corp. v. Plan Comm.* (1961), 12 Wis. 2d 560, 565, 566, 107 N. W. 2d 590, the court discussed the scope and purpose of the writ of

---

[1] *See also: Superior v. Committee on Water Pollution* (1953), 263 Wis. 23, 56 N. W. 2d 501.

certiorari and its particular applicability to zoning matters:

"The writ of certiorari at common law was limited in scope and a motion to quash, either before or after the return to the writ was made, usually raised only questions of jurisdiction or excess power set forth as errors in the petition although other errors might appear in the return. Ferris, Extraordinary Legal Remedies, p. 204, sec. 178. The return was taken as conclusive if responsive to the petition and could not be impeached by collateral affidavits. After the return was made the court could dismiss or quash the writ or enter a judgment of affirmance.

"The scope and purpose of the writ of certiorari has been enlarged by statute and it is now used as a method of appeal to determine not only the jurisdiction of a municipal board or agency but also to review the action of such a board as arbitrary, unreasonable, or discriminatory and sometimes to decide the merits of the action. Prior to 1955 there was no provision for the use of certiorari to appeal a rejection of a plat to subdivide land. By ch. 570, Laws of 1955, sec. 236.13(5), Stats., 27 W. S. A., p. 475, was created which provided for an appeal from an objection to a plat or a failure to approve a plat in the manner set forth in sec. 62.23 (7) (e) 10 to 15, 9 W. S. A., p. 414. This latter section deals with the use of a writ of certiorari to review decisions of the boards of appeal and other municipal agencies in zoning matters and requires the agency to return the papers acted upon. It also permits the return to include such other facts as may be material to show the grounds of the decision appealed from. The statute further enlarges the scope of a writ by providing that the court may take such testimony as is necessary for the proper disposition of the matter on appeal. The scope of the writ is no longer confined in these matters to a review of the record when the trial court hears additional evidence. The section gives the court the power to reverse or affirm, wholly or in part, and to modify the decision. Such power is necessary when additional testimony is taken."

It might be argued that because the zoning board of appeals refused to schedule the matter for hearing

there is no record to review upon certiorari and therefore certiorari is not appropriate. We think it is. Sec. 62.23 (7) and (13), Stats., gives the court a wide latitude to assure proper disposition. If the record consists of no more than a petition for review and a refusal of the zoning board of appeals to act, upon that record alone the trial court could take jurisdiction, hear testimony and direct the proper disposition or preferably remand the matter to the zoning board of appeals with directions to conduct a hearing, make a record and then make a supplemental return. We say "preferably" because zoning of property and its prohibited or permitted uses are primarily legislative prerogatives of the state and municipalities subject to only limited judicial review.

A further comment is in order. In this assignment of cases we have considered and decided *Kmiec v. Town of Spider Lake,* ante, p. 640, 211 N. W. 2d 471. In that case an action for declaratory judgment was brought to challenge the validity of a zoning ordinance upon constitutional grounds. The constitutional validity of an ordinance is a question of law which a zoning board of appeals is ill-equipped to decide. Here, a part of the challenge is a want of constitutional due process in the manner in which the planning commission and the zoning board of appeals conducted the proceedings. This issue goes to the constitutional due process in the application of the ordinance, not to the validity of the ordinance itself. A constitutional due process issue as to the procedural aspects of a hearing can properly be considered by the trial court in the statutory certiorari proceeding. Likewise, a question of which ordinance to apply can be determined in the certiorari proceeding.

We conclude that this appeal must be dismissed because of lack of jurisdiction in the trial court and this court.

*By the Court.*—Appeal dismissed.