POWERS vs. THE CITY OF OSHKOSH.

*January 10 — January 30, 1883.*

*City clerk entitled to be paid for services on board of review.*

Under sec. 1060, R. S., a city clerk, though designated to act as the clerk of the board of review, has the same voice as the other members in the determination of all questions coming before such board, and is entitled to the special compensation provided for in that section, unless such compensation is taken away by the city charter or by some action of the common council under the charter. There is nothing in the charter of the city of Oshkosh which deprives the clerk of such compensation.

APPEAL from the Circuit Court for *Winnebago* County.

Action to recover compensation for services as a member of the board of review of the defendant city, rendered by the plaintiff while he was city clerk of said city. From an order sustaining a general demurrer to the complaint the plaintiff appealed.

For the appellant there was a brief by *Eaton & Gruenewald* and *W. R. Kennedy*, and oral argument by *Mr. Eaton*. *Charles Barber*, for the respondent.

Taylor, J. The only question arising on the appeal in this case is whether the city clerk of the city of *Oshkosh*, while acting as a member of the board of review for said city, is entitled to the pay prescribed by sec. 1060, R. S. 1878, which reads as follows: " The supervisors, clerk, and assessors of each town, the mayor, clerk, and assessors of each city, the president, clerk, and assessors of each village in which taxes are assessed and collected independently of the town, shall constitute a board of review for such town, city, or village. The board of review shall meet annually on the last Monday of June, at their town, city, or village clerk's office. A majority shall constitute a quorum. Notice of the time and place of meeting shall be posted up by such clerks in at least three public places in each town, village, or city, or ward thereof, at least four days prior to such meeting. The town, city, or village clerk, on said board of review, shall be clerk thereof, and shall keep an accurate record of all its proceedings. The board may adjourn from day to day, until its business is completed, and shall receive the same compensation as is allowed by law to assessors."

This section very clearly gives the city clerk compensation for his services as one of the members of the board of review, and the amount of such compensation is to be determined by the compensation paid to assessors of the city at the time such services are performed. The fact that this sec-

tion provides that the clerk of the city shall be the clerk of the board, and keep an accurate record of all its proceedings, does not limit his duties on the board to these mere clerical duties. He has undoubtedly the same right to a voice in the determination of all questions which come before said board as the other members, and in addition he is required to act as the clerk of the board and keep a record of its proceedings. If the statute had not made him a member of the board of review, but had declared simply that he should attend such board as its clerk and keep a record of its proceedings, there would be great force in the argument of the learned counsel for the respondent, that such clerical service should be treated as a part of his duty as city clerk, and that his salary or compensation fixed by the city for his services as clerk of the city should cover this service as clerk of the board of review. As it is not denied that the section of the statute above quoted makes the city clerk a member of the board of review, with all the powers of any other member, he is clearly entitled to the same compensation for such service that any other member is entitled to, unless there is something in the city charter of the city of *Oshkosh* which expressly or by clear implication deprives him of such compensation.

The only provisions of the city charter which have any bearing upon this subject are secs. 3 and 19, subch. 5, ch. 123, Laws of 1877, which is the present charter of said city. Sec. 3, above referred to, defines the duties of the city clerk, and reads as follows: "The clerk shall keep the corporate seal and all papers and records of the city, and keep a record of the proceedings of the common council, at whose meetings it shall be his duty to attend; he shall keep an accurate and detailed account of the financial condition of the city and of each ward as the common council prescribe; he shall so keep the books of said city that every subject of taxation shall be entered under its proper head, as state,

county, schools, bridges, and the like; he shall make copies
of assessments of the city when required by the common
council, and shall make and complete all tax rolls; he shall
also keep an accurate account with the city treasurer, and
charge him with all taxes levied and sums paid into the
treasury; he shall make out a list of all outstanding city
bonds and coupons, to whom, when, and where payable; he
shall report, as often as the common council shall require,
an estimate of the expenses of the city and of the several
wards, and of the revenue necessary to be raised for the
current year; and shall countersign all contracts made in
behalf of the city, and unless they be so countersigned they
shall have no validity. He shall countersign all orders
drawn on the city treasurer by order of the common council,
and shall keep a correct record of the same. He shall, *ex
officio*, be clerk of the board of education, clerk of the
board of public works, clerk of the board of health, and
clerk of the board of assessors. He shall attend the meet-
ings of such boards, and keep a correct record of the pro-
ceedings thereof; he shall file in his office all chattel
mortgages presented to him for that purpose, and safely
keep the same, receiving therefor the same compensation as
clerks of towns, and all chattel mortgages so filed shall be
as valid and legal as if the same had been filed in any town
clerk's office in any town; and copies of all papers filed in
his office, and transcripts from the records in his office,
and of the common council, certified by him under the
corporate seal, shall be evidence in all courts in like manner
as if the original were produced. The clerk shall have
power and authority to administer oaths and affirmations."

Sec. 19 provides for fixing the compensation of the clerk,
and is as follows: "The common council shall have power
from time to time to require further and other duties of any
officer whose duties are herein prescribed, and to appoint
such other officers as may be necessary to carry into effect

the provisions of this act, and to prescribe their duties, and to fix the compensation of all officers elected or appointed by the common council. Such compensation shall, by resolution, be fixed at the time the office is created, or at the commencement of the year, and shall not be increased or diminished during the time such officer shall remain in office."

Sec. 3, above quoted, does not make it the duty of the city clerk to act as a member of the board of review, nor to act as clerk thereof, and it is very clear that sec. 19 does not give the common council the power to make the city clerk a member of the board of review, or authorize him to perform the duties of such member, though such service be a service for the municipality. It is, however, sufficient for the determination of this case that the common council have not prescribed that the clerk should act as a member of the board of review, as authorized by the statute, nor that the compensation prescribed for him as clerk should include his compensation as a member of such board, as well as for his other services. There is nothing in the city charter which directs the city clerk to perform the duties of a member of the board of review, nor to act as clerk of such board. It is clear, therefore, that, when acting as a member of the board of review and as clerk thereof, he acts under the general law of the state above quoted, and not under the city charter; and that the compensation fixed for his services, prescribed by the city charter, does not compensate him for his services as a member of such board.

It is said by the learned counsel for the appellant that the statute which declares that the city clerk shall be a member of the board of review requires that he shall take an official oath as a member of such board. This is urged as a strong argument tending to show that while acting as a member of the board of review he did not act as clerk, and consequently it could not be intended that his compensation as clerk

should cover his services as a member of such board; but, unfortunately for this argument, this court has decided, and we think rightly, in *McIntyre v. Town of White Creek*, 43 Wis., 620, that no such oath is required of the members of the board, and that the official oaths referred to in sec. 1061, R. S., mean the official oaths taken by the several members of the board as mayor, clerk, and assessors, and that while acting as such board of review they act under the sanction of their official oaths as mayor, clerk, and assessors. The right of the clerk to compensation for services as a member of the board of review does not rest upon the fact that as a member of the board he is not acting in his official capacity as clerk of the city, but upon the fact that for such service a special compensation is fixed by the general law, and such special compensation is not taken away by the city charter, or by any action of the common council under such charter.

It is obvious that the legislature, in the enactment of secs. 1060 and 1061, did not intend that the compensation of the town clerk, town supervisors, city mayor, city clerk, president of a village, and clerk of a village, when acting as a member of the board of review, should be the compensation to which they were entitled as such mayor, clerk, etc. Had that been the intention, the statute would have been silent on the subject of compensation, and each officer would have been left to receive such compensation for his service as member of the board as he was entitled to receive as mayor, clerk, supervisor, etc. Although these officers, in the discharge of their duties as members of the board of review, were discharging a duty they were compelled to perform by reason of their holding their respective offices, the legislature has very clearly declared that for discharging such duty they shall receive a compensation different from that which the law gives them for other services which they are required to perform as such officials, and fixes such compensation in an entirely different manner. The statute pro-

vides that the compensation of a town supervisor and town clerk shall be two dollars per day, and at the same rate for parts of a day, unless a different compensation shall be fixed at the annual town meeting, and that the town assessor shall have not exceeding three dollars per day, as may be allowed by the town board. Secs. 850, 851, R. S. 1878.

Sec. 1060 fixes the compensation of each member of the board of review, by the compensation fixed by the town board for the assessor, and such compensation may be either more or less than the compensation fixed for other services of the supervisors or town clerk. The intention of the legislature was to give the same compensation to each member of the board of review, while acting as such, although such officers, when discharging other official duties, were entitled to different rates of compensation.

This intent on the part of the legislature is inconsistent with the idea that a city clerk, receiving a fixed salary for the discharge of his official duties as such clerk, must perform this service as a part of his duty for the salary so fixed. We must presume that the legislature knew at the time this act fixing the compensation of the members of the board of review was adopted, that, as a general thing, the mayors of cities received no compensation for their services as mayors, and that clerks of cities, as a general rule, received fixed salaries and not a *per diem* allowance; and, knowing this, they say that, while acting as members of the board of review, they shall receive a compensation to be fixed by the compensation then allowed to the assessors of the town or city for which they are acting. This act, passed under such circumstances, it seems to us must be construed as a plain declaration that the compensation of the members of the board of review shall not be controlled by the law fixing their compensation as supervisors, clerks, or other officers mentioned in the statute, who may be members of such board. As the law now stands we think it clear

that the salary of the clerk of the city of *Oshkosh* does not compensate such clerk for the services performed by him when acting as a member of the board of review, and that he was therefore entitled to recover of the city for his services as a member of such board the *per diem* allowed to the city assessors at the time the service was performed, in all the cases where such services were performed within six years before the commencement of his action.

*By the Court.*— The order of the circuit court sustaining the demurrer to the complaint is reversed, and the cause remanded for further proceedings according to law.