BRATTON, Appellant, vs. THE TOWN OF JOHNSON and another, Respondents.

*March 21 — April 8, 1890.*

*Taxation: Inequality of assessment: Objection before board of review as condition precedent to action: Repeal of statute.*

1. Sec. 1061, R. S., as amended by ch. 283, Laws of 1887,— providing that no person shall be heard, in any action or proceeding, to question the equality of any assessment unless he shall have first made such objection before the board of review and made offer to sustain the same by competent proof,— affords a reasonable and sufficient time and opportunity for making such objection, and is valid.

2. The fact that the assessor, as a member of the board of review, would act upon such objection, does not render the law invalid. He would not thereby become " a judge in his own cause."

3. The repeal of the act requiring such objection to be first made before the board of review did not affect an action then pending or relieve the plaintiff therein from a compliance with such requirement.

APPEAL from the Circuit Court for *Marathon* County. The case is stated in the opinion.

For the appellant there was a brief by *Neal Brown* and *L. A. Pradt,* and the cause was argued orally by *H. Bigelow* and *Geo. Curtis.*

For the respondents there was a brief by *Rietbrock & Halsey,* and oral argument by *L. W. Halsey.* To the point that an act repealing or modifying a remedy does not af-

fect pending actions, they cited, in addition to cases, referred to in the opinion, *Oakland v. Whipple*, 44 Cal. 303; *Gorsuth v. Butterfield*, 2 Wis. 237; *Bailey v. Mogg*, 4 Denio, 60; Sedg. Stat. & Const. Law, 132; *Knox v. Baldwin*, 80 N. Y. 610; *Danforth v. Smith*, 23 Vt. 247.

ORTON, J.   This action is brought to cancel and set aside the taxes assessed on plaintiffs' lands in the town of *Johnson* in Marathon county, in the year 1888, and to restrain the said town and *John Buchner*, the treasurer thereof, from returning as delinquent said taxes.   The plaintiff alleges in his complaint that his said lands were assessed in said town in said year by the assessors of said town, and that taxes were duly levied, extended, and apportioned upon such assessment; that there were wide differences in the quality, value, character, and situation of the lands liable to taxation in said town in said year, and that the said assessors did knowingly, wilfully, and fraudulently assess in said year, and value, all the lands in said town, except the lands of the plaintiff, at much less than their actual assessable value,— some at one fourth, some at one third, and some at one half of the value which could ordinarily be obtained for them at private sale; and that there were not any of said lands in said town assessed at their correct and true value, nor with any reference to their difference in quality or soil, character of timber, and situation with respect to streams and highways, or with reference to the improvements made thereon.   The plaintiff alleges, further, that the same illegal, fraudulent, and unjust assessments were made for that year on the lands in all the other towns of Marathon county, and that upon such assessments the county taxes were levied, extended, and apportioned, and that, by reason of such assessments in the other towns, his state and county taxes were largely increased.   He alleges, further, that the town board of review of said town well

knew at the time it met of the facts regarding such assessments, but that it disregarded its duty and failed in any way to correct or properly apportion the taxes upon plaintiff's said lands, and the taxes were levied and extended upon such assessments so made.

At the commencement of the trial, the counsel of the defendants objected to any evidence under the complaint for the reason that it stated no cause of action, and the court sustained the objection and dismissed the complaint. From that judgment this appeal is taken.

The main ground of the objection was that the plaintiff had not averred in his complaint, as a condition precedent to the action, that he had first made the objection of the inequality of said assessment before the board of review, and made offer to sustain the same by competent proof, as required by sec. 1061, R. S., as amended by ch. 283, Laws of 1887. This is the only question presented on this appeal. The *gravamen* of the complaint is the inequality of assessment of the plaintiff's lands with all other lands in said town and county, and there is no question but that said provision is applicable to the case. The omission to make such an averment is fatal to the action, unless the contention of the learned counsel of the appellant is sustained.

Sec. 1061, R. S., as amended by said chapter, reads as follows: "But no person or corporation shall be heard, in any action, suit, or proceeding, to question the equality of any assessment, unless they shall have first made such objection before the said board of review, and made offer to sustain the same by competent proof, in which case it shall be the duty of the said board to inquire into the facts of such equality."

The learned counsel of the appellant contends (1) that this statute is in the nature of a statute of limitations, and gives no adequate right to make such objection before the board, or there is no time allowed in which it can be done.

The assessment is not complete, and is *in fieri* until it is laid before the board of review. How, then, can the tax-payer know that the assessment is unequal before he is required to make such objection before the board of review? It would seem that, by inquiring of the assessor, the tax-payer might in some way find out what the assessment is, long before it is submitted to the board of review. It would not require much time to discover the inequality of the assessments on inspection of the assessment roll. If he is diligent, and feels any interest in the matter, he could very easily make sufficient preparation to object to the assessment on that ground; and the board of review, as a judicial tribunal, will be presumed to give all necessary time for the tax-payer to prepare for a hearing of his case. From the statute itself, and the nature of the business, we could not say that he has no time, or insufficient time, to pursue the statutory remedy. It might be inconvenient to a nonresident tax-payer, but if he is able to own lands he is able to have an agent who will give attention to the matter of their assessment and taxation. Every land-owner is supposed to have some knowledge of the value of other lands in the vicinity of his own, and he could very readily form an opinion of the equality of their assessment. The law affords him at least some time for preparing to make his objection before the board of review, and we cannot say that it is insufficient. We think, therefore, that the statute affords a sufficient constitutional remedy in this respect.

It is objected that the assessor, as a member of the board of review, is allowed to be a judge in his own case. But it is not *his own* case. He is not supposed to be interested in the matter personally, in any sense. He is a public officer, perfectly disinterested, and impartial as any officer, and, from his duties, is better qualified as one of the board of review than those who have not given the matter the same attention. If he is honest,— and the law presumes that he

is,— he will readily correct his own errors of judgment by consultation with his fellow-members of the board, and by the evidence, like trial judges sitting in bank in the courts of appeal.

There may be objections to such a tribunal on account of its liability to make mistakes, to meet illegally or without notice, and of its want of intelligence or capacity, etc.; but that is no concern of the courts, but of the legislature that created it. Boards of review, with similar judicial powers, have been in existence in this state since 1868, approved and recognized by the courts as very proper tribunals to correct and equalize assessments. *Cramer v. Stone,* 38 Wis. 259; *Powers v. Oshkosh,* 56 Wis. 660; *Baldwin v. Ely,* 66 Wis. 171; *State ex rel. Smith v. Gaylord,* 73 Wis. 306. The adjudication of the board is not made conclusive; and the tax-payer, if dissatisfied with it, may still have his action.

(2) The counsel of the appellant contends that said statute was not in force to govern this action. The assessment complained of was made in 1888. This action was commenced February 25, and issue was joined therein March 18, 1889; and on March 23, 1889, the said act was repealed by ch. 138, Laws of 1889. It is very clear that this action was not affected by such repeal. The repeal of statutes that simply affect the remedy does not defeat or impair any civil liability incurred, or rights of action accrued, under them, whether or not in course of prosecution or action at the time of such repeal, but they shall be preserved and remain in force, notwithstanding such repeal, unless specially and expressly remitted, abrogated, or done away with by such repealing statute. Sec. 4974, R. S.; *Farrell v. Drees,* 41 Wis. 186; *Dillon v. Linder,* 36 Wis. 344. An act repealing or modifying a remedy does not affect pending actions. Endlich, Interp. Stats. §§ 271, 482; Cooley, Taxation, 221; *Beebe v. O'Brien,* 10 Wis. 481; *Cornell v. Skinner,* 10 Wis. 487; *Garland v. Hickey,* 75 Wis. 178; and many other cases

cited in the brief of respondent's counsel.  Such statutes are prospective only.  Desty, Taxation, 104; *Brandeis v. Neustadtl*, 13 Wis. 142.  The court very properly held that the complaint failed to state a cause of action without such an averment, and, taking it for granted that the complaint could not be amended in that respect according to the fact, properly dismissed the complaint.

*By the Court.*— The judgment of the circuit court is affirmed.