# CASES DETERMINED

# January Term, 1902.

ANDERSON, Appellant, vs. CITY OF MILWAUKEE, Respondent.

*January 8—January 28, 1902.*

*Municipal corporations: City clerk as member of board of review: Compensation.*

    The charter of the city of Milwaukee requires the city clerk, among other duties, to act as a member of the board of review, and fixes his salary at $2,500 per annum, "in full compensation for all services performed by him in his official duties as such clerk." *Held,* that he is not entitled to compensation, in addition to his salary, for services as a member of the board of review. *Powers v. Oshkosh,* 56 Wis. 660, distinguished.

APPEAL from an order of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

Action to recover a balance claimed to be due plaintiff for official services as member of the board of review of the city of *Milwaukee.* The substance of the complaint is as follows: Between the third Tuesday in April, 1895, and the third Tuesday in April, 1898, plaintiff was city clerk of the city of *Milwaukee* and, as such, *ex officio* a member of its board of review and entitled by law to a salary of $725 per year for services thereon, payable in monthly instalments. Plaintiff fully performed the duties of a member of such board during the time stated, but has not received any compensation therefor. The defendant has refused to pay plaint-

iff the salary incident to the office of member of the board of review of the city of *Milwaukee* for the time he was a member thereof, or any part thereof. The amount due for such services is $2,160, for which, with interest and costs, judgment is demanded.

The defendant demurred to the complaint for insufficiency. The demurrer was sustained, and plaintiff appealed.

*C. H. Hamilton,* for the appellant.

For the respondent there was a brief by *Carl Runge,* city attorney, and *R. S. Witte,* assistant city attorney, and oral argument by *Mr. Runge.*

MARSHALL, J. As we view this case it is too plain to warrant more than a brief reference to the grounds of appellant's claim and the reasons why the authority upon which counsel mainly relies to sustain the complaint (*Powers v. Oshkosh,* 56 Wis. 660), does not apply. In that case it was held that the city clerk was entitled to the statutory compensation incident to the office of member of the board of review, because he served under sec. 1060, R. S. 1878, which expressly provides that the city clerk, for such services, shall receive the compensation allowed by law to assessors, and the charter defined the duties of the clerk, omitting any mention of service as member of the board of review, and fixed his compensation for the performance of such duties. In that situation it was clear that the clerk was entitled to the charter salary for the performance of the duties imposed on him thereby, and also to pay under sec. 1060, R. S. 1878, for performance of the duties imposed thereby, nothing inconsistent therewith appearing in the charter. Here the situation is radically different. The charter of respondent requires the clerk to perform, as one of his duties, that of a member of the board of review. Sec. 12, subch. XVIII, ch. 184, Laws of 1874. As amended by ch. 376, Laws of 1897, it fixes the salary incident to the of-

fice of city clerk at $2,500 per annum, that to be "in full compensation for all services performed by him in his official duties as such city clerk." So, it will be seen that the clerk's duty to act as a member of the board of review is a charter duty,—one for which the salary of $2,500 is allowed as clearly as for any other such duty.

It is argued that the words, "full compensation for all services performed by him in his official duties as such city clerk," indicate that the obligation to serve as a member of the board of review was not in the legislative mind in fixing the salary incident to the clerk's office. We cannot adopt that view. It does not seem to accord with the letter or the spirit of the law. As before indicated, the duty to serve as a member of the board of review is one of the official duties of the city clerk. The indications all point to a legislative purpose to so frame the law as to leave no room for the clerk to reasonably claim any compensation from the municipality for any services performed by him for it, by reason of his official position, outside of the salary of $2,500.

*By the Court.*—The order appealed from is affirmed.