MOREY, Executor, Appellant, vs. CITY OF RACINE, Respondent.

*November 11—November 28, 1902.*

*Municipal corporations: Assessors: Service on board of review: Compensation.*

> The city charter of Racine, under the head of "Assessors: their powers and duties," provides (sec. 20, ch. 40, Laws of 1891) that the assessors shall assess all the property in the city in one assessment roll; that "the assessment shall be reviewed and corrected and notice of such review shall be given," etc.; and that upon the correction of the assessment, the assessment roll shall be verified by the oaths of the assessors and deposited with the clerk. *Held*, that this makes it a part of the official duty of the assessors to serve upon the board of review, and that for such service they are not entitled to compensation beyond the salary fixed under sec. 15, which provides that such salary "shall be in full for all services by them to be rendered."

APPEAL from an order of the circuit court for Racine county: E. B. BELDEN, Circuit Judge. *Affirmed.*

The appeal is from an order sustaining a demurrer to the complaint, which alleges the municipal corporate character of the defendant, and that plaintiff's decedent, James A. Beaugrand, during the years 1896, 1897, 1898, and 1899, was an assessor; that the salary of each of the assessors for each of said years was $300, which was duly paid to plaintiff's decedent; that during each of said years said decedent *ex officio* was a member of the board of review of the city of *Racine,* and performed his duties as such, "and that the city of *Racine* became indebted to said Beaugrand for such services in the sum of $300 for each and every of said years, in all the sum of $1,200," no part of which has been paid, except $100 each year, leaving a balance due of $800, for which judgment is prayed.

For the appellant there was a brief by *William E. Lee,*

attorney, and *Thomas M. Kearney,* of counsel, and oral argument by *Mr. Kearney.*

*M. E. Walker,* for the respondent.

BARDEEN, J.    The sole question arising upon this appeal is whether, under the charter of the city of *Racine* and the general laws of the state, the plaintiff's decedent was entitled to pay for services on the board of review in addition to the compensation received by him for services as assessor.    The original charter of *Racine,* granted in 1848, imposed no duty upon the assessors with reference to a review or correction of the assessment roll.    By sec. 24, ch. 130, Laws of 1868, the legislature provided that the mayor, clerk, and assessors of each city in this state should constitute a board of review for such city, and sec. 25 prescribed their duties.    Sec. 24 also provided that the board should receive the same compensation allowed by the law to assessors.    Under the law and the charter as then in existence, the assessors would be entitled to the compensation fixed by the charter for making the assessment, and also at the same rate for service on the board of review.    By ch. 313, Laws of 1876, the charter of *Racine* was revised, consolidated, and amended.    Prior to this time the charter contained no provision requiring the assessors to act as members of the board of review.    By sec. 11, tit. 3, of the new charter, the duties of assessors were prescribed.    They were to assess all the taxable property of the city; make out the assessment roll; and said roll was to be equalized, "and notice given thereof by the assessors at the time and in the manner required by law," and, after so equalized, was to be verified by the oath of each assessor, and deposited with the city clerk.    Sec. 1, tit. 12, fixed the compensation of the assessors at not to exceed $200 for all services during their term of service, and provided that the salaries and allowances as fixed by the common council "shall be accepted by such officers and others respectively as their

sole compensation for the services for which such salaries are allowed." The charter of *Racine* was again revised and amended in 1891. Sec. 20, tit. 3, ch. 40, of the laws of that year provided that the assessors should assess all the property in the city in one assessment roll. "The assessment shall be reviewed and corrected, and notice of such review shall be given as provided by law," etc. Upon the correction of the assessment the roll was to be verified by the assessor, and deposited with the clerk. Sec. 15, tit. 2, increased the salary limit of assessors to $300 each, and further provided that such sum "shall be in full for all services by them to be rendered, and in lieu of all fees and perquisites to which they might be otherwise entitled," and was to be paid at the conclusion of their duties each year.

We think it is reasonably apparent that sec. 20, tit. 3, imposes upon the assessors the duty, with the other members of the board of review, to review and correct the assessment made by them. This construction is confirmed to a certainty by the further provision found in sec. 15, tit. 2, which says that the compensation provided therein for assessors "shall be in full for all services by them to be rendered, and in lieu of all fees and perquisites to which they might otherwise be entitled." The functions of the assessors did not end when the roll was turned over to the board of review. The law required them to make all corrections to the assessment roll ordered by the board of review, and then to verify the same, and deposit such roll with the city clerk. We think the charter provisions mentioned make it a part of the official duty of the assessors to serve on the board of review, and thus bring the case within *Anderson v. Milwaukee*, 113 Wis. 1, 88 N. W. 905.

*By the Court.*—The order appealed from is affirmed.