## JACKSON COUNTY IRON COMPANY, Plaintiff-Appellant-Petitioner,

### v.

### Mark MUSOLF, Secretary, Wisconsin Department of Revenue, Werner W. Doering, Director, Bureau of Utility and Special Taxes; and other members of the Department as yet not determined, Defendants-Respondents.

Supreme Court

*No. 83–2486. Argued September 30, 1986.—Decided November 25, 1986.*

(Also reported in 396 N.W.2d 323.)

96

For the plaintiff-appellant-petitioner there were briefs by *Frank J. Pelisek, James E. Schacht* and *Michael, Best & Friedrich,* Milwaukee, and oral argument by *Mr. Schacht.*

For the defendants-respondents the cause was argued by *Daniel D. Stier,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

WILLIAM G. CALLOW, J.  This is a review of an unpublished decision of the court of appeals affirming a judgment of the circuit court for Dane County, Judge William Eich, granting summary judgment in favor of the Wisconsin Department of Revenue. The issue on appeal is whether Jackson County Iron Company's failure to timely pursue the statutorily provided procedure for administrative review of a tax assessment bars it from seeking declaratory relief which would prohibit the collection of the assessed tax. Because we conclude that the pursuit of administrative review is a prerequisite to declaratory relief, we affirm the decision of the court of appeals.

The facts in this case are not in dispute. Jackson County Iron Company (Company) is a Wisconsin corporation engaged in the extraction of low-grade iron ore in Black River Falls. From 1968 through 1976 the Company paid a low-grade iron ore property tax on its mining property, pursuant to secs. 70.91 through 70.98, Stats. 1975. Although called a property tax, the tax was assessed based upon the Company's average production. On or about May 1 of each year, the Company submitted to the Department of Revenue (Department) the

Company's production data for the preceding five calendar years. On or about July 1 of each year, the Department would send a letter notifying the Company of that year's property tax assessment which was payable on or before January 31 of the following year.

The present controversy arose in 1977 when the legislature repealed the low-grade iron ore property tax (sec. 70.91 et seq.) and replaced it with a net proceeds occupation tax (net proceeds tax). On May 18, 1977, the Company submitted its production totals for the preceding five calendar years to the Department. By determination letter dated July 6, 1977, the Department issued an assessment of the Company's low-grade iron ore property tax, pursuant to sec. 70.91(2), Stats. 1975. The Company received the letter on either July 9, 1977, or July 11, 1977. On July 7, 1977, the day after the assessment letter was sent, Chapter 31, Laws of 1977, became effective. Chapter 31 created a net proceeds tax and repealed the low-grade iron ore property tax.

On July 11, 1977, a representative of the Company requested a revision to the calculation of the Company's low-grade iron ore property tax assessment. Pursuant to that request, a revised assessment was mailed to the Company by determination letter dated July 19, 1977. The Company contested neither the original assessment nor the revised assessment. Under sec. 70.94(3), Stats. 1975, an aggrieved taxpayer must file an abatement application within thirty days of receiving an assessment notice.

On November 10, 1977, the Department notified the Company that the new statute appeared to have voided the Company's tax liability arising from the July 1977 assessment. The Company, believing that the new law nullified the low-grade iron ore property tax assess-

ment, did not pay the tax on or before January 31, 1978, and has to date still not done so.

On April 14, 1978, the Department notified the Company that its prior interpretation of Chapter 31 was "in error" and that Chapter 31 had not "voided or rescinded" the tax. Accordingly, the low-grade iron ore property tax was due and payable. The Company replied by letter dated April 25, 1978, that it did "not recognize any portion of the reported liability of $194,507.52 for the 1977 specific tax." The Department later notified the Company that it did not consider the April 25, 1978, letter to be an abatement application.

The Company on July 3, 1978, requested that the secretary of the Department make an official determination of the Company's tax liability. In response thereto, the Department concluded that, because the Company had not filed a timely abatement application pursuant to sec. 70.94(3), Stats. 1975, the July 1977 assessment was final. Shortly thereafter, the Department issued a delinquent tax warrant against the Company.

The Company petitioned the Tax Appeals Commission (Commission) on August 3, 1978, for review of the July 1977 assessment. On May 9, 1979, the Commission granted the Department's motion for dismissal of the Company's petition for review. In granting the motion to dismiss, the Commission held that it lacked jurisdiction to hear the petition because the Company failed to file a timely abatement application, pursuant to sec. 70.94(3), Stats. 1975.

On June 7, 1979, pursuant to sec. 73.015, Stats. 1975, the Company petitioned the circuit court for Jackson County for review of the Commission's May 9 decision. The Jackson County circuit court issued its opinion in August, 1982, affirming the Commission's

decision. While the Company's appeal to the Jackson County circuit court was pending, the Company filed an action in the Dane County circuit court, pursuant to sec. 806.04, 1979-80. In that action the Company sought a declaration that the Department lacked the authority to enforce and collect the low-grade iron ore property tax for 1977. The Dane County circuit court dismissed the Company's declaratory judgment action, holding that, because the Company failed to timely avail itself of its administrative remedies, the Company was barred from requesting declaratory relief.

The court of appeals affirmed the dismissal but rejected the circuit court's reasoning. According to the court of appeals, the repeal of sec. 70.94(3), Stats. 1975, deprived the Company of its ability to seek administrative review of the tax. Thus the Company's only means of challenging the tax was through a direct judicial challenge. The court of appeals then went on to hold that, because the Company's delay in waiting three years to seek declaratory relief was inconsistent with the purposes of the declaratory judgment act, declaratory relief was precluded.

█

We must determine in this case whether the Company's failure to exercise the statutorily provided procedure for administrative review of a tax assessment prohibits the Company from seeking a judicial declaration which would bar enforcement and collection of the tax. The application of a statute to a particular set of facts is a question of law. *Kania v. Airborne Freight Corp.*, 99 Wis. 2d 746, 758, 300 N.W.2d 63 (1981). When reviewing a question of law, this court need not defer to the lower courts' reasoning. *Kramer v. Horton*, 128 Wis. 2d 404, 414, 383 N.W.2d 54 (1986).

This court has adopted the general principle that, where a method of review is prescribed by statute, the prescribed method is exclusive. *State ex rel. First National Bank of Wisconsin Rapids v. M & I Peoples Bank of Coloma*, 82 Wis. 2d 529, 537-38, 263 N.W.2d 196 (1978). Thus, "where there is a specific procedure for review of administrative action and for court review of the administrative decision, the remedy before the administrative agency must be pursued *prior* to resort to judicial remedies." *Castelaz v. Milwaukee*, 94 Wis. 2d 513, 532, 289 N.W. 2d 259 (1980) (emphasis added); *Accord Nodell Investment Corp. v. Glendale*, 78 Wis. 2d 416, 422-24, 254 N.W.2d 310 (1977). According to *Ferch v. Schroedel*, 241 Wis. 457, 461, 6 N.W.2d 176 (1942), where the plaintiff fails to follow the required statutory procedure, the court has no jurisdiction to hear a request for an injunction.

Although as a general rule a court lacks jurisdiction where the plaintiff fails to follow the required statutory procedure, there are some situations in which a court may entertain a petition seeking judicial relief by a method other than that prescribed by statute. Where an appeal to an administrative agency would not provide a party with adequate relief, a challenge may be properly made by commencing an action for declaratory relief. *See Nodell*, 78 Wis. 2d at 426. However, when a party does not seek administrative redress of a grievance which might have been correctable by the administrative agency, the party may not seek declaratory relief. *See Beres v. New Berlin*, 34 Wis. 2d 229, 235, 148 N.W.2d 653 (1967).

We conclude that the requirement, that a party must pursue its remedy with an administrative agency prior to resorting to judicial remedies, mandates that such administrative action is a prerequisite to judicial relief. We therefore hold that where a method of review is prescribed by statute and adequate relief may be obtained through the review procedure, the pursuit of administrative review is a prerequisite to judicial relief. Because we conclude that the administrative review available to the Company afforded the Company an adequate forum to seek the relief it requested, we hold that the Company's failure to timely pursue the available administrative review prohibits the Company from seeking declaratory relief.

In the present case secs. 70.94(3), 73.015, Stats. 1975, and sec. 73.01(4)(a), 1977, prescribe the procedure for contesting a low-grade iron ore property tax assessment. According to sec. 70.94(3)(a), "[a]ny taxpayer feeling aggrieved by the assessment notice shall, within 30 days after the receipt thereof, file with the department of revenue an abatement application." The filing of the abatement application within thirty days is the first step in requesting administrative review of the tax assessment. Once having filed an abatement application, sec. 70.94(3)(a) goes on to provide: "The secretary of revenue shall act on such application on or before September 1. If the taxpayer is aggrieved by the secretary of revenue's denial in total or in part of the abatement application he shall have the right to appeal to the tax appeals commission providing the appeal is filed with the commission on or before October 1."

Furthermore, under sec. 73.01(4)(a), Stats. 1977, "[s]ubject to the provisions for judicial review contained

102

in s. 73.015, the commission shall be the final authority for the hearing and determination of all questions of law and fact arising under sub. (5) and ss . . . . 70.94(3)."

Lastly, sec. 73.015, Stats. 1975, states that: "(1) This section shall provide the sole and exclusive remedy for review of any decision or order of the commission and no person shall contest . . . any matter reviewable by the commission unless such person has first availed himself of a hearing before the commission under s. 73.01. (2) Determinations of the commission shall be subject to review in the manner provided in ch. 227."

The statutes referred to above clearly establish a specific procedure for review of administrative action,[1] and a procedure for court review of an administrative decision.[2] Therefore, under *Castelaz*, 94 Wis. 2d at 532, the Company in this instance was required to pursue its administrative remedies before it could request declaratory relief. As noted earlier, the first step in seeking administrative relief from a tax assessment is the filing of an abatement application. The Company, after receiving its assessment notice, did not file an abatement application within the thirty-day period prescribed in sec. 70.94(3)(a), Stats. 1975. Having failed to meet the prerequisite of timely pursuing administrative review, the Company is now barred from requesting declaratory relief unless it can show that an appeal to the administrative agency would not have afforded adequate relief to the Company.

In this case the Commission did have the power to review the Company's tax assessment and grant relief if

---

[1] Section 70.94(3)(a), Stats., 1975; and sec. 73.01 (4)(a) , Stats., 1977, as amended by Ch. 29, Sec. 815, Laws of 1977.

[2] Section 73.015(2), Stats., 1975.

the assessment was erroneous. The Commission's inability to consider the merits of the request for relief resulted solely from the Company's failure to raise the issue within the prescribed time. It follows from this that the Company cannot rely upon its own failure to file a timely abatement application to support a claim that the Commission could not provide adequate relief. Because we find that the Commission did have the power to grant adequate relief to the Company, we hold that the Company is barred from seeking a declaration that the Department lacked the authority to enforce and collect the low-grade iron ore property tax for 1977.

The court of appeals' determination that the repeal of sec. 70.94(3)(a), Stats., 1975, on July 7, 1977, deprived the Company of its avenue of administrative appeal is erroneous. Under sec. 990.04, "[t]he repeal of a statute . . . shall not . . . defeat or impair any . . . rights of action accrued under such statute before the repeal thereof, . . . but all such . . . rights of action created by or founded on such statute, liability wherefor shall have been incurred before the time of such repeal thereof, shall be preserved and remain in force notwithstanding such repeal, unless specially and expressly remitted, abrogated or done away with by the repealing statute." This court has previously found that "it is the clear intention of sec. 990.04 to preserve all rights which may have arisen before the repeal of a statute unless such rights are "specially and expressly remitted, abrogated or done away with by the repealing statute." *Niesen v. State*, 30 Wis. 2d 490, 493, 141 N.W. 2d 194 (1966). In addition, this court has held that an act which repeals or modifies a remedy does not affect a pending action. *Bratton v. The Town of Johnson and another*, 76 Wis. 430, 434, 45 N.W. 412 (1890). The *Bratton* court recog-

nized that the repeal of a statutory condition precedent to the initiation of a court action does not excuse a party from the obligation to follow the procedure in effect at the time the action was taken. *Id.* at 434–35.

Both the right to appeal and the procedure for appeal provided under sec. 70.94(3), Stats. 1975, are part of the process of determining one's tax liability. These rights exist from the time the tax determination process itself is initiated; they do not arise only when a tax assessment is contested. Furthermore, the initiation of the tax determination process creates a pending action as to final tax liability of the taxed entity. Thus once the tax process has been initiated, the repeal of a statute providing for both an appeal and the procedure for appeal affects neither the substantive right to appeal nor the appeal procedure, unless the legislature provides otherwise.

In the present case, the Company submitted its production totals in May, 1977, as required by statute. This submittal initiated the tax determination process. For some taxes, the legislature requires that the taxpayer compute the tax and submit a tax return, thereby initiating the tax determination process. In this case, the taxpayer is excused from computing the tax. Instead, in May of each year the taxpayer is required to submit its production data to the Department, and the Department then computes the tax liability based upon the submitted production totals. We therefore conclude that the rights provided by sec. 70.94(3), Stats. 1975, accrued to the Company at the time it filed its production data.

The Company's right to appeal, having arisen prior to the repeal of sec. 70.94(3), Stats. 1975, was preserved

unless the legislature provided otherwise. There is nothing in Chapter 31, Laws of 1977, to suggest that the legislature intended to abrogate the Company's right to appeal under sec. 70.94(3). In fact, it would be anomalous for the legislature to allow the imposition of the tax and then eliminate the Company's access to administrative review. Thus we find that the Company retained its right, under sec. 70.94(3), to appeal the July 1977 tax assessment. Submission of the production totals initiated the tax determination process, thereby creating a pending action as to the Company's tax liability. Thus, under *Bratton,* the repeal of sec. 70.94(3) did not affect the availability to the Company of the appeal procedure provided by sec. 70.94(3). Furthermore, sec. 990.04,[3] provides additional support for the proposition that the Company retained the right to appeal the tax assessment under the procedure provided by sec. 70.94(3).

Lastly, the Company argues that under *Sawejka v. Morgan,* 56 Wis. 2d 70, 76, 201 N.W.2d 528 (1972), the circuit court and the Commission have concurrent jurisdiction to hear all questions of law and fact arising under the tax laws of this state. The Company contends that the circuit court has jurisdiction to grant the Company's declaratory relief request regardless of the Company's failure to exhaust its administrative remedies. We disagree. After the *Sawejka* decision, the legislature

---

[3] Section 990.04, Stats., states in pertinent part: "And criminal prosecutions and actions at law or in equity founded upon such repealed statute, whether instituted before or after the repeal thereof, shall not be defeated or impaired by such repeal but shall, notwithstanding such repeal, proceed to judgment in the same manner and to the like purpose and effect as if the repealed statute continued in full force to the time of final judgment thereon."

amended sec. 73.01(4)(a), Stats. to expressly provide that "the commission shall be the final authority for the hearing and determination of all questions of law and fact arising under . . . 70.94(3)." Ch. 29, Sec. 815, Laws of 1977. Based upon this new language, sec. 73.01(4)(a), 1977, gives exclusive initial jurisdiction to the Commission for all questions of law and fact arising under sec. 70.94(3), 1975. *See Heilman Brewing Co. v. City of La Crosse*, 105 Wis. 2d 152, 157, 312 N.W.2d 875 (Ct. App. 1981). Therefore, no concurrent jurisdiction existed between the circuit court and the Commission at the time of the July 1977 tax assessment. Because we find that the Commission had exclusive initial jurisdiction, we conclude that the Company's sole avenue of appeal was through the Commission.

*By the Court.*—The decision of the court of appeals is affirmed.