TOWN OF EAGLE, Donald Wilton, John Burton, and
Joan Dempsey Family Trust, Plaintiffs-Appellants,

v.

Harold CHRISTENSEN, Fred Matthes, Eugene Miller,
Glenn Niere, and Department of Revenue of the State
of Wisconsin, Defendants-Respondents.†

Court of Appeals

*No. 94–0503. Submitted on briefs November 8, 1994.—Decided
January 26, 1995.*

(Also reported in 529 N.W.2d 245.)

†Petition to review denied.

For the plaintiffs-appellants the cause was submitted on the briefs of *Elizabeth Adelman* of *Adelman, Adelman & Murray, S.C.* of Milwaukee.

For the defendant-respondent, Harold Christensen, the cause was submitted on the brief of *Michael J. Cieslewicz* of *Kasdorf, Lewis & Swietlik, S.C.* of Milwaukee.

For the defendants-respondents, Fred Matthes, Eugene Miller, Glenn Niere, and Department of Revenue of the State of Wisconsin, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *F. Thomas Creeron III*, assistant attorney general.

Before Gartzke, P.J., Dykman and Vergeront, JJ.

DYKMAN, J. The Town of Eagle, Donald Wilton, John Burton and the Joan Dempsey Family Trust appeal from judgments dismissing their action for a declaratory judgment. Appellants asked the trial court to declare unconstitutional the property valuation and equalization processes used by Harold Christensen, the former assessor of the Town of Palmyra, Fred Matthes and Eugene Miller, Supervisors of Equalization of the Department of Revenue (DOR), Glenn Niere, Chief of the Equalization Section of DOR, and DOR. We conclude that the complaint states a claim upon which relief may be granted as to Matthes, Miller, Niere and DOR, but not as to Christensen, that the Town of Eagle has standing to sue, the exhaustion doctrine does not apply, and sovereign immunity does not bar this suit. Accordingly, the judgment as to Christensen is affirmed, but the judgment as to Matthes, Miller, Niere and DOR is reversed.

Appellants also appeal from an order transferring venue from Waukesha County to Jefferson County. Because the remaining defendants are either a state agency or state employees, we conclude that venue is properly situated in Dane County. Accordingly, the

order is reversed and we order venue transferred to Dane County.

## BACKGROUND

This case involves a claim for declaratory relief by the appellants to have the property assessment practices utilized by the defendants declared unconstitutional as violations of the uniformity clause of the Wisconsin Constitution. Specifically, their challenge concerns the inequitable tax burden they claim results when differing processes are used to value and equalize property in the Towns of Palmyra and Eagle. Appellants allege that the Towns of Palmyra and Eagle are in different property assessment districts and their respective property tax burdens are based upon the valuations and equalizations made by the local assessors and DOR officials. The towns share a common school district which is funded by property tax revenue based upon the equalized values of property. Appellants contend that because Christensen classifies untilled agricultural land as residential, while the Town of Eagle assessor does not, and the differing classifications are adopted by DOR when equalizing valuations, Town of Eagle agricultural landowners are paying a disproportionate share of property taxes.

The complaint focuses on three different stages of the assessment process. When agricultural land is sold in the Town of Eagle but lies idle, the Town of Eagle assessor does not reclassify that property as residential land. It remains classified as agricultural land. Consequently, that sale is used as a comparable sale to determine the full value of agricultural land in the Town of Eagle and results in an increase in the full value of the Town of Eagle's agricultural land. Conversely, in the Town of Palmyra, when agricultural

309

land is sold but lies idle, Christensen reclassifies the property as residential land. Consequently, the value of agricultural land in the Town of Palmyra remains unchanged and the sale is used as a comparable sale in determining the full value of the Town of Palmyra's residential land. The supervisors of equalization of each property assessment district adopt, without scrutiny, the classifications made by the local assessors and equalize the valuations.[1]

The complaint also alleges that because there are inadequate sales within a municipality with which the supervisors of equalization may establish equalized values, the supervisors use sales outside of their respective districts to determine land values. The complaint alleges that Supervisors Matthes and Miller use different criteria to determine which outside sales will be used to establish equalized values in the Towns of Eagle and Palmyra.

The complaint alleges that the Palmyra-Eagle School District apportions its tax levy based upon the equalized values of property as determined by the supervisors of equalization. Because Christensen classifies untilled agricultural land as residential land while the Town of Eagle's assessor classifies the same land as agricultural, and these classifications are incorporated into the equalizations made by DOR, Town of Palmyra agricultural land is undervalued at the expense of Town of Eagle agricultural landowners. The underassessment of Town of Palmyra agricultural land shifts the tax burden to other property owners. Therefore, the valuations violate the uniformity clause found in article VIII, § 1 of the Wisconsin Constitution.

---

[1] The complaint alleges that equalization is "a process of analyzing sales of similar properties to determine the fair market value of property in each [property] classification."

Appellants filed suit in Waukesha County against Christensen, Matthes, Miller, Niere, and DOR to have the valuation and equalization practices declared unconstitutional. The trial court determined that Jefferson County was the proper venue, and after the case was transferred, it was dismissed. This appeal followed.

## AMENDED COMPLAINT

Appellants contend that their amended complaint states a valid claim against each defendant upon which relief may be granted. According to appellants, the complaint alleges that Christensen's classification methods create inequitable valuations that violate the uniformity clause of the Wisconsin Constitution. Appellants further contend that their complaint alleges that the equalization process utilized by DOR officials does not cure the underassessment but reinforces it by adopting, without scrutiny, the classifications made by the local assessors.

To determine whether the amended complaint states a valid claim upon which relief may be granted under § 802.06(2)(a)6, STATS.,

> the facts pled are taken as admitted. No inference can be reached in respect to the ultimate facts alleged until resolved by judge or jury. The purpose of the motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. Since pleadings are to be liberally construed, a claim will be dismissed only if "it is quite clear that under no conditions can the plaintiff recover."

*Evans v. Cameron*, 121 Wis. 2d 421, 426, 360 N.W.2d 25, 28 (1985) (citations and quotations omitted). When reviewing a motion to dismiss for failure to state a

claim upon which relief may be granted, this court accepts the alleged facts and all reasonable inferences as true but decides the legal conclusions independently. *Morgan v. Pennsylvania Gen. Ins. Co.*, 87 Wis. 2d 723, 731, 275 N.W.2d 660, 664 (1979).

Appellants argue that their complaint alleges that Christensen's classification methods, which differs from the Town of Eagle's, makes Town of Eagle agricultural land overvalued in relation to the Town of Palmyra's. A pattern of over or underassessment means that an unequal burden of property taxation exists in violation of the uniformity clause of the Wisconsin Constitution. *State ex rel. Boostrom v. Board of Review*, 42 Wis. 2d 149, 160, 166 N.W.2d 184, 190 (1969). Article VIII, § 1 of the Wisconsin Constitution requires that the rules of taxation be uniform. This means that a taxation scheme must follow six principles:

1. For direct taxation of property, under the uniformity rule there can be but one constitutional class.

2. All within that class must be taxed on the basis of equality so far as practicable and all property taxed must bear its burden equally on an *ad valorem* basis.

3. All property not included in that class must be absolutely exempt from property taxation.

4. Privilege taxes are not direct taxes on property and are not subject to the uniformity rule.

5. While there can be no classification of property for different rules or rates of property taxation, the legislature can classify as between property that is to be taxed and that which is to be wholly exempt, and the test of such classification is reasonableness.

312

6. There can be variations in the mechanics of property assessment or tax imposition so long as the resulting taxation shall be borne with as nearly as practicable equality on an *ad valorem* basis with other taxable property.

*Sigma Tau Gamma Fraternity House Corp. v. City of Menomonie*, 93 Wis. 2d 392, 410-11, 288 N.W.2d 85, 93 (1980) (quoting *Gottlieb v. City of Milwaukee*, 33 Wis. 2d 408, 424, 147 N.W.2d 633, 641-42 (1967)). Tax schemes forcing taxpayers who own like property to pay disproportionate amounts of taxes will be struck down as unconstitutional violations of the uniformity clause. *Id.* at 412, 288 N.W.2d at 94.

The amended complaint states three general causes of action. The first cause of action alleges that the Towns of Eagle and Palmyra share a common school district that receives revenue from property taxes based upon the equalized value of property as determined by Christensen, Matthes, Miller, Niere, and DOR. The complaint alleges that the Wisconsin statutes instruct assessors to divide property into classifications (i.e., residential, agricultural, etc.) and to determine the full value of each parcel of land. The complaint refers to § 70.32, STATS., which instructs assessors how to value real property. Section 70.32(1) provides in part,

> [r]eal property shall be valued by the assessor in the manner specified in the Wisconsin property assessment manual . . . from actual view or from the best information that the assessor can practicably obtain, at the full value which could ordinarily be obtained therefor . . . .

Section 70.32(2) lists the different land classifications an assessor may adopt and provides that the residential classification "includes any parcel or part of a

parcel of untilled land that is not suitable for the production of row crops, on which a dwelling or other form of human abode is located and which is not otherwise classified . . . ." Section 70.32(2)(c)3. The complaint alleges that the Town of Eagle assessor classifies tillable land as agricultural even if it is voluntarily idle, while Christensen classifies it as residential land. The complaint alleges that this differing classification system results in inequalities in valuation and therefore increased taxation for agricultural landowners in the Town of Eagle.

In reading the complaint liberally and making all reasonable inferences in favor of the appellants, we conclude that these allegations are insufficient to state a claim for which relief may be granted as to Christensen. The complaint does not allege that Christensen's method of assessing is wrong or that it violates any statute. Rather, it simply alleges that Christensen's assessment methods differ from those used by the Town of Eagle's assessor. From this, one might reasonably infer that it is the Town of Eagle's assessor whose methods are improper. We conclude that there is no controversy between appellants and Christensen.

The second and third causes of action allege that Miller, Matthes, Niere, and DOR adopt, without scrutiny, the classifications made by Christensen and the Town of Eagle assessor, and incorporate them into equalized values. And, the complaint alleges that they use different criteria for determining what comparable sales to use in establishing equalized values for each town.

In reading the complaint liberally and making all reasonable inferences in favor of the appellants, we

conclude that the complaint states a claim for relief against DOR, Matthes, Miller and Niere. A claim for relief is stated for a violation of the uniformity clause in that similar property in the two communities are valued at different amounts, resulting in higher taxation in the Town of Eagle. The equalization process does not cure the inequities but incorporates them. Thus, the complaint implies that the assessments are not at full value because property in the Town of Palmyra is taxed at a different amount than the same property in the Town of Eagle.

## STANDING

The Town of Eagle contends that it has standing to bring an action for declaratory judgment because inequitably equalized values affect its allocation of state aid and its ability to borrow. The Town of Eagle asserts that the complaint must be read liberally and that a very small interest in a case is sufficient to confer standing. We agree.

Whether a party has standing to seek declaratory relief is a question of law we review *de novo*. *Wisconsin Hosp. Ass'n v. Natural Resources Bd.*, 156 Wis. 2d 688, 700, 457 N.W.2d 879, 884 (Ct. App. 1990). Whether the Town of Eagle has standing to sue turns on whether it has presented a justiciable controversy. The Uniform Declaratory Judgments Act, § 806.04(2), STATS., provides "[a]ny person . . . whose rights, status or other legal relations are affected by a statute . . . may have determined any question of construction or validity arising under the . . . statute . . . and obtain a declaration of rights, status or other legal relations thereunder." A party seeking declaratory relief must have a legally protected interest in the controversy, or,

in other words, a personal stake in its outcome. *Weber v. Town of Lincoln*, 159 Wis. 2d 144, 146-47, 463 N.W.2d 869, 869 (Ct. App. 1990). We construe § 806.04(2) liberally as it affords relief from an uncertain infringement of a party's rights. *Id.* at 147-48, 463 N.W.2d at 870.

The law of standing should not be construed narrowly or restrictively. A party has standing when its claims are no more than a "trifle." *State ex rel. First Nat'l Bank v. M & I Peoples Bank*, 95 Wis. 2d 303, 309, 290 N.W.2d 321, 325-26 (1980). When standing is challenged on the basis of the pleadings, we "accept as true all material allegations of the complaint, and . . . construe the complaint in favor of the complaining party." *Pennell v. City of San Jose*, 485 U.S. 1, 7 (1988) (quoting *Warth v. Seldin*, 422 U.S. 490, 501 (1975)).

The complaint alleges that the use of differing criteria to determine what outside sales should be used to establish equalized values results in inequities in equalized values of property and increased taxation for agricultural landowners in the Town of Eagle. The Town of Eagle contends these inequitable valuations form the basis of its allocation of shared revenue and debt limits. The Town of Eagle also contends that declaratory relief would necessarily mean that the amount of taxes it contributes to the joint school district would decrease and points out that the legislature has made taxation districts, including towns, an interested party in board of review proceedings in order to secure or sustain an equitable assessment of all the property within its own taxation district. *See* §§ 70.045 and 70.47(11), STATS. We conclude that the pleadings

show a sufficient interest in the outcome of this litigation. The Town of Eagle has standing to sue.

The State also contends that the Town of Eagle does not have standing because it is challenging the constitutionality of a statute. Municipalities generally lack standing to challenge the constitutionality of statutes. *City of Appleton v. Town of Menasha*, 142 Wis. 2d 870, 874, 419 N.W.2d 249, 251 (1988). But, the complaint does not allege that any statute is unconstitutional. It alleges that the valuations and equalizations violate the uniformity clause. Thus, it is the actions of the defendants and not the validity of any statute that is the focus of the Town of Eagle's challenge.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

The trial court also dismissed the complaint because Wilton, Burton and the Joan Dempsey Family Trust, agricultural landowners in the Town of Eagle, did not challenge their assessments before the Town of Eagle board of review. They argue that they were not required to exhaust administrative remedies because there are no prescribed administrative remedies to afford them relief from this form of overtaxation. We agree.

It is well settled that where a method of review is prescribed by statute and adequate relief may be obtained through the review procedure, the pursuit of administrative relief is a prerequisite to judicial review. *Jackson County Iron Co. v. Musolf*, 134 Wis. 2d 95, 102, 396 N.W.2d 323, 326 (1986). However, where no specific administrative review procedures exist or an appeal to an administrative agency would not pro-

vide a party with adequate relief, a party may challenge an action by seeking declaratory relief. *Id.* at 101, 396 N.W.2d at 325. The exhaustion doctrine "reflects a fundamental policy that parties to an administrative proceeding must raise known issues and objections and that all efforts should be directed toward developing a record that is as complete as possible in order to facilitate subsequent judicial review of the record . . . ." *Omernick v. DNR,* 100 Wis. 2d 234, 248, 301 N.W.2d 437, 444, *cert. denied,* 454 U.S. 883 (1981).

That Town of Eagle agricultural landowners might have contested valuations made by the Town of Eagle assessor before the Town of Eagle board of review does not persuade us that they should have followed this course of action. The Town of Eagle board of review cannot change the land classifications chosen by Christensen nor can it resolve the use of differing classifications for similar land in the Towns of Eagle and Palmyra. Appellants' claim is not that the Town of Eagle assessor is improperly valuing land, but rather that Christensen is classifying land differently from the Town of Eagle assessor which in turn leads to inequitable equalization values by DOR in violation of the uniformity clause. That the Town of Eagle board of review may reduce an assessment does not mean that appellants should have filed for such review before seeking declaratory relief. The Town of Eagle board of review has the power to raise or lower only a Town of Eagle property owner's assessment. *See* § 70.47(9)-(10), STATS. Thus, it would be futile for the Town of Eagle property owners to appeal their assessments before the Town of Eagle board of review.

Moreover, Town of Eagle residents cannot challenge Christensen's classifications and assessments before the Town of Palmyra board of review because as non-Palmyra property owners, they do not have standing. *See* § 70.47(7), STATS. Additionally, the administrative review process afforded under ch. 68, STATS., is to no avail because that chapter does not provide review for valuation determinations made under ch. 70, STATS. Section 68.02, STATS. Consequently, we conclude that Wilton, Burton, and the Joan Dempsey Family Trust properly sought judicial relief because of the absence of any adequate administrative remedy to address the alleged violations of the uniformity clause.

## SOVEREIGN IMMUNITY

Appellants contend that their claims are not barred by sovereign immunity. According to the appellants, because their claims are not against the state, but against state officials and an agency, the officials and the agency are not immune to suit for acting in violation of the uniformity clause. We agree.

The general rule of sovereign immunity is that a suit against the state is barred unless the legislature has consented to it. *Lister v. Board of Regents of the Univ. of Wis. Sys.*, 72 Wis. 2d 282, 291, 240 N.W.2d 610, 617 (1976). An action is against the state when it is "in essence one for the recovery of money from a state . . . ." *Id.* at 292, 240 N.W.2d at 617 (quotation omitted). Moreover, declaratory judgments against the state are barred by principles of sovereign immunity. *Id.* at 303, 240 N.W.2d at 622-23. Nonetheless, suit will lie against state officials and agencies alleged to be acting uncon-

319

stitutionally or in excess of jurisdictional authority. *Id.*, 240 N.W.2d at 623. The supreme court has explained,

> the court has also recognized that the declaratory judgment procedure is particularly well-suited (in cases where such relief is otherwise appropriate) for resolving controversies as to the constitutionality or proper construction and application of statutory provisions. As a result, it has been necessary to engage in a fiction that *allows such actions to be brought against the officer or agency charged with administering the statute* on the theory that a suit against a state officer or agency is not a suit against the state when it is based on the premise that the officer or agency is acting outside the bounds of his or its constitutional or jurisdictional authority.

*Id.* (emphasis added; citations omitted).

We conclude that sovereign immunity does not bar a suit against DOR and Matthes, Miller and Niere because damages are not being sought from the state. The complaint alleges that the state officers are acting in violation of the constitution and certain statutes, thus injunctive and declaratory relief are appropriate and are not precluded by sovereign immunity.

### VENUE

The Waukesha County trial court ordered the case transferred to Jefferson County because venue in Waukesha County was improper under § 801.50, STATS. Appellants contend that because part of their claim arose in the Town of Eagle, venue properly lies in Waukesha County. However, because we have affirmed the dismissal of the claim against Christensen but reversed as to DOR, Matthes, Miller and Niere, we note

that all of the remaining defendants are either a state agency or state employees. According to § 801.50(3),

> [a]ll actions in which the sole defendant is the state, any state board or commission or any state officer, employe or agent in an official capacity shall be venued in Dane county unless another venue is specifically authorized by law.

Pursuant to this section, we order venue transferred to Dane County.

*By the Court.*—Judgments affirmed in part; reversed in part and cause remanded with directions. Order reversed and cause remanded with directions.