OMERNICK and another, Appellants, v. DEPARTMENT OF NATURAL RESOURCES, an agency of the state of Wisconsin, and others, Respondents.

*No. 161 (1974).  Submitted on briefs October 30, 1975.—*
*Decided February 10, 1976.*
(Also reported in 238 N. W. 2d 114.)

For the appellants there was a brief by *Ted B. Johnson* and *Thomas J. Bergen* of Milwaukee.

For the respondents there was a brief by *Robert W. Warren,* attorney general, and *Robert B. McConnell,* assistant attorney general.

CONNOR T. HANSEN, J.   The essence of the trial court's decision on demurrer was that the plaintiffs had not exhausted their administrative remedies by applying for a permit under sec. 30.18, Stats.  The trial court also ruled that sec. 30.18 limited the common law right of irrigation by a riparian owner.  It held that the notice and hearing provisions under the statutes satisfied procedural due process.  Inasmuch as the plaintiffs did not utilize the hearing procedure, the court ruled a justiciable controversy was not presented.  On appeal, plaintiffs have raised two arguments.  First, the designation of Holt Creek and Little Wolf River as trout streams was done without notice and hearing, and sec. 30.18 violates due process in not requiring a hearing before such a designation can be made.  Second, that sec. 30.18 denies due process in that the department is bound to recognize the rights of riparian owners but is without the power to adjudicate the nature and extent of those rights in the permit hearing procedure.

*Notice and hearing before a designation as a trout stream.*

The only effect of designation as a trout stream is to require the written approval of the department before an otherwise mandatory permit can be granted to divert surplus waters. Sec. 30.18 (5), Stats. There is no allegation in the complaint that the waters to be diverted are surplus waters. Therefore, the question of whether designation as a trout stream requires prior notice and hearing is not before us.

*Are plaintiffs deprived of their riparian right to irrigate without due process of law because of the department's limited power of adjudication?*

This aspect of the case arises because of the opinion of this court in the *Nekoosa-Edwards Paper Co. v. Public Service Comm.* (1959), 8 Wis. 2d 582, 99 N. W. 2d 821. In that case, the state agency with jurisdiction under the predecessor of sec. 30.18, Stats., had granted a permit to divert nonsurplus water from Buena Vista Creek. Nekoosa-Edwards Paper Company was a riparian owner and did not consent to the diversion. This court held the agency had no power to authorize the diversion without the consent of all the riparian owners, concluding that the agency did not have jurisdiction to determine and regulate the common law rights of all riparian owners to the use of nonsurplus water in the stream.

At common law, each riparian owner had the right, subject to the reasonable use doctrine, to use water from a natural waterway for the purpose of irrigating his lands. The reasonableness of the use depended upon the volume of water in the stream, seasons and climatic conditions and the needs of other riparian proprietors as well as the needs of the irrigator. 94 C. J. S., *Waters*, p. 252, sec. 314. *See also: Apfelbacher v. State* (1918), 167 Wis. 233, 167 N. W. 244. Because the department does not have the power to grant a permit over the

objection of other riparian proprietors, the plaintiffs in this case have no means of securing a permit for the irrigation they contemplate when objection is made. Thus, they have no means of enforcing a common law riparian right of irrigation. This is because irrigation is prohibited without a permit. Sec. 30.18 (3), Stats.; *Omernik v. State* (1974), 64 Wis. 2d 6, 218 N. W. 2d 734.

In *Omernik v. State, supra,* we determined that sec. 30.18, Stats., did not constitute the taking of property without just compensation. We held the statute was a valid exercise of the police power, stating:

"Given the public interest in preventing the uncontrolled diversion and consumption of stream waters, we do not find any balancing merit to defendant's contention that he may do as he wishes, not only with his property but with the water of the stream that flows through his land."

The necessary implication of this holding is that the legislature in the exercise of its police power has abrogated the common law riparian right of irrigation and has substituted the permit procedure under sec. 30.18, Stats. This has the result of introducing an element of prior use in the Wisconsin water law which was not there at the common law. The wisdom of this policy may be debatable, but it is a legislative, not a judicial determination.

*Did the plaintiffs fail to exhaust their administrative remedies?*

The question in this case could not be litigated before the Department of Natural Resources. Therefore, the action for declaratory judgment was not prematurely brought, and it was not proper to dismiss the complaint. A judgment should have been entered declaring that the plaintiffs had no right of irrigation as riparian proprie-

tors and that sec. 30.18, Stats., was not unconstitutional in failing to provide a hearing to adjudicate that right. Where the parties are entitled to declaratory relief, and the trial court erroneously enters judgment dismissing the action, the judgment will be modified in this court so as to declare the rights of the parties. *Denning v. City of Green Bay* (1955), 271 Wis. 230, 72 N. W. 2d 730. Although the decree of the trial court in this case is an order, not a judgment, we think it appropriate to dispose of this case in the same way.

*By the Court.*—The order is modified to provide that it has the effect of a judgment declaring that the plaintiffs have no right of irrigation as riparian proprietors and sec. 30.18, Stats., is not unconstitutional in failing to provide a hearing to adjudicate the right of irrigation. As modified, the order is affirmed.