BADGER PAPER MILLS, INC. and James River
Corporation, Plaintiffs-Appellants,

v.

Wisconsin DEPARTMENT OF NATURAL
RESOURCES, Respondent.

Court of Appeals

*No. 89-1091. Submitted on briefs November 10, 1989.—Decided
January 18, 1990.*

(Also reported in 452 N.W.2d 797.)

For the plaintiffs-appellants, the cause was submitted on the briefs of *Charles Kamps, Donald K. Schott* and *Thomas P. McElligott* of *Quarles & Brady,* of Milwaukee.

For the respondent, the cause was submitted on the brief of *Donald J. Hanaway,* attorney general, and *Carl A. Sinderbrand,* assistant attorney general.

Before Eich, C.J., Dykman and Sundby, JJ.

SUNDBY, J. Badger Paper Mills, Inc. and James River Corporation operate paper mills in Wisconsin. DNR regulates the discharge of wastewater from these mills through a comprehensive regulatory system known as the Wisconsin Pollution Discharge Elimination System (WPDES). Appellants have received WPDES permits from DNR which allow them to discharge treated wastewater to state waters, subject to limitations on the amount of pollutants which they may discharge.

The WPDES permit program and DNR's regulatory authority are derived from sec. 144.025, Stats., and ch. 147, Stats. The regulatory scheme mirrors the federal program under the Clear Water Act, 33 U.S.C. sec. 1251, *et seq.* It must be administered consistently with the federal act. *See e.g.,* sec. 147.01(2). The United States Environmental Protection Agency (USEPA) has delegated to the states the authority to administer the Act. 33 U.S.C. sec. 1342(b).

In February, 1987, Congress added sec. 304($l$)(1) to the Act. Section 304($l$)(1) appears in the United States Code at 33 U.S.C. sec. 1314($l$)(1). Under 33 U.S.C. 1314($l$)(1), each state had two years to submit to USEPA for review, approval and implementation lists of the following: (1) waters which cannot meet water quality standards due to toxic pollutants; (2) navigable waters which cannot meet federal standards due to the discharge of toxic pollutants from point sources; (3) specific point sources preventing or impairing the attainment of the applicable standards and the amount of each toxic pollutant discharged; and (4) individual control strategies

(ICSs) to control toxic discharges from point sources and achieve the applicable water quality standards. USEPA must approve or disapprove an ICS. 33 U.S.C. sec. 1314(l)(2).

On February 3, 1989, DNR submitted its sec. 304(l)(1) lists to USEPA. Its "short list" included ICSs for ten facilities. On April 4, 1989, USEPA requested that DNR amend its short list to include several other mills, including mills operated by Badger Paper Mills and James River Corporation. On April 25, 1989, DNR informally advised appellants that their mills would be added to DNR's short list. The next day, appellants, in writing, requested that DNR grant them a contested case hearing under sec. 227.42(1), Stats., before DNR added their mills to the list. Appellants were informally advised by DNR that their request would be denied. On the same day, appellants filed this action seeking declaratory and injunctive relief. The circuit court temporarily restrained DNR from adding appellants' mills to the section 304(l)(1) list. On April 27, 1989, DNR, in writing, formally denied appellants' request for a contested case hearing. Thereafter, the circuit court held that it lacked subject matter jurisdiction to grant appellants' request that it order DNR to grant them a contested case hearing. The court dismissed appellants' action. We affirm.

I.

The circuit court held that appellants' failure to exhaust its petition for review remedy under sec. 227.52, Stats., deprived the court of subject matter jurisdiction. Appellants distinguish the cases upon which the circuit court relied on the grounds that in those cases the attempted court action came after the agency action, not before. Appellants point out that they commenced this

action for declaratory relief prior to the availability of judicial review under sec. 227.52.

■

We are not aware of any decision making the distinction urged by appellants. The Wisconsin Supreme Court has allowed an aggrieved person to bypass a statutorily prescribed review procedure, if the review procedure is, for any reason, inadequate, *County of Sauk v. Trager,* 118 Wis. 2d 204, 214, 346 N.W.2d 756, 761 (1984). Appellants do not claim that the review procedure provided by sec. 227.52, Stats., is inadequate. We reject appellants' race-to-the-courthouse argument.

## II.

■

Appellants argue that, in any event, the circuit court erred when it concluded that it lacked subject matter jurisdiction over their action. We agree. "The exhaustion rule is a rule of policy, convenience, and discretion, not a rule regulating the jurisdiction of the court." *County of Sauk,* 118 Wis. 2d at 211-12, 346 N.W.2d at 760. "A court need not apply the exhaustion doctrine when a good reason exists for making an exception." *Id.* at 214, 346 N.W.2d at 761.

Appellants argue that because the trial court applied an erroneous view of the law, it abused its discretion. *See State v. Hutnik,* 39 Wis. 2d 754, 763, 159 N.W.2d 733, 737 (1968) ("If a judge bases the exercise of discretion upon an error of law, his conduct is beyond the limits of discretion.") Appellants contend that because we cannot exercise the trial court's discretion, *Barrera v. State,* 99 Wis. 2d 269, 282, 298 N.W.2d 820, 826 (1980) *cert. denied,* 451 U.S. 972 (1981) we must reverse and remand this case to the trial court to permit it to exercise its discretion. We disagree. We may review the record to

determine whether appellants justified their insistence that the court exercise its discretion. We conclude that they did not.

Upon remand, the trial court would consider the two claims appellants make in their complaint. First, that DNR's decision to include appellants' mills in the sec. 304(*l*)(1) list was invalid, unlawful and beyond DNR's statutory authority. Second, that DNR's denial of their request for a contested case hearing under sec. 227.42(1), Stats., was arbitrary, capricious and beyond its statutory authority. As to the latter claim, plainly sec. 227.52 provided a simple, speedy, adequate remedy to review DNR's denial.

As to their first claim, appellants do not argue that DNR could not correct the alleged error of placing of their mills on the sec. 304(*l*)(1) list. Presumably, upon judicial review under sec. 227.52, Stats., appellants would have established their right to a contested case hearing. DNR would have considered their grievance. "[W]hen a party does not seek administrative redress of a grievance which might have been correctable by an administrative agency, the party may not seek declaratory relief." *Jackson County Iron Co. v. Musolf,* 134 Wis. 2d 95, 101, 396 N.W.2d 323, 325–26 (1986) (citation omitted). Further, even when the issue raised is subject to the concurrent jurisdiction of the circuit court and the agency, the agency's jurisdiction should be given priority in the absence of a valid reason for judicial intervention. *Sawejka v. Morgan,* 56 Wis. 2d 70, 80, 201 N.W.2d 528,

533 (1972). Appellants have not suggested a valid reason for judicial intervention.

*By the Court.*—Order affirmed.