James METZ, D.V.M., Plaintiff-Appellant,†

v.

VETERINARY EXAMINING BOARD,
Defendant-Respondent.

Court of Appeals

*No. 2006AP1611. Oral argument March 19, 2007.
—Decided September 27, 2007.*

2007 WI App 220

(Also reported in 741 N.W.2d 244.)

† Petition to review denied 12/19/07.

On behalf of the plaintiff-appellant,the cause was submitted on the briefs of *Eric M. McLeod* and *Roisin H. Bell* of *Michael Best & Friedrich, LLP*, Madison. There was oral argument by *Eric M. McLeod*.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Thomas J. Balistreri*, assistant attorney general, and *Peggy A. Lauten-*

*schlager* and *J.B. Van Hollen*, attorneys general. There was oral argument by *Thomas J. Balistreri*.

Before Higginbotham, P.J., Vergeront and Lundsten, JJ.

¶ 1. VERGERONT, J. This case presents a significant issue on the relationship between a pending administrative proceeding and a circuit court action for declaratory and injunctive relief challenging the administrative proceeding. James Metz, a licensed doctor of veterinary medicine, filed this action challenging an administrative disciplinary proceeding filed against him before the Veterinary Examining Board. In this action, Dr. Metz seeks a declaration that the definition of a veterinarian-client-patient-relationship in WIS. STAT. § 453.02(8) (2005–06)[1] is void for vagueness as applied to him; a declaration that the Board is applying a rule to him without having properly promulgated it as required by WIS. STAT. ch. 227; and an injunction against the Board pursuing the administrative action against him. After the circuit court denied the Board's motion for summary judgment, it granted the Board's motion for an order remanding the matter to the administrative agency for fact-finding. Both the Board's appeal of the denial of its motion for summary judgment and Dr. Metz's appeal of the remand order are before us.

¶ 2. We conclude that the doctrine of exhaustion of administrative remedies applies to preclude Dr. Metz from interrupting the administrative process to obtain declaratory and injunctive relief from the court. Accordingly, we reverse the circuit court's order denying

---

[1] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

summary judgment in favor of the Board, reverse the circuit court's remand order, and we remand to the circuit court with directions to grant summary judgment in favor of the Board and dismiss this action.

## BACKGROUND

¶ 3. In December 2003, the Department of Regulation and Licensing, Division of Enforcement filed a complaint against Dr. Metz before the Board. The administrative complaint alleged that Dr. Metz was vicepresident of Animart, Inc. and during specified time periods, he sold or dispensed, through Animart, certain veterinary prescription drugs, including extra label use drugs, to named farm owners without establishing and maintaining a veterinary-patient-client (VPC) relationship in violation of WIS. STAT. § 453.068(1)(c).[2]

---

[2] WISCONSIN STAT. § 453.068(1)(c) provides:

(1) PRESCRIBING; DISPENSING.

. . . .

(c) *Prescribing, dispensing and administering requirements for veterinarian.* A veterinarian may not do any of the following:

1. Prescribe for or dispense to a client a veterinary prescription drug or a drug for extra-label use without personally examining the patient unless a veterinary-client-patient relationship exists between the veterinarian, client and patient and the veterinarian determines that the client has sufficient knowledge to administer the drug properly.

2. Prescribe or dispense a veterinary prescription drug to a client unless the veterinarian indicates in the appropriate records described under sub. (3), within 72 hours after the prescription is issued or the drug is dispensed, that the prescription has been issued or that the drug has been dispensed.

3. Prescribe a drug to a client for extra-label use on a patient unless all of the following apply:

¶ 4. Approximately two months later Dr. Metz filed this action, and the administrative proceeding was stayed. In this complaint he alleges that the definition of a VCPR relationship in Wɪs. Sᴛᴀᴛ. § 453.02(8)[3] does

a. A veterinary-client-patient relationship exists between the veterinarian, client and patient and the veterinarian has made a careful medical diagnosis of the condition of the patient within the context of that veterinarian-client-patient relationship.

b. The veterinarian determines that there is no drug that is marketed specifically to treat the patient's diagnosed condition, or determines that all of the drugs that are marketed for that purpose are clinically ineffective.

c. The veterinarian recommends procedures for the client to follow to ensure that the identity of the patient will be maintained.

d. If the patient is a food-producing animal, the veterinarian prescribes a sufficient time period for drug withdrawal before the food from the patient may be marketed.

4. Transmit a prescription electronically unless the client approves the transmission and the prescription is transmitted to a pharmacist or veterinarian designated by the client.

[3] Wɪsᴄᴏɴsɪɴ Sᴛᴀᴛ. § 453.02(8) provides:

(8) "Veterinarian-client-patient relationship" means a relationship between a veterinarian, a client and the patient in which all of the following apply:

(a) The veterinarian has assumed the responsibility for making medical judgments regarding the health of the patient and the patient's need for medical treatment, and the client has agreed to accept those medical judgments and to follow the related instructions of the veterinarian.

(b) The veterinarian has sufficient knowledge of the patient to initiate a general or preliminary diagnosis of the medical condition of the patient because the veterinarian has recently examined the patient or has made medically appropriate and timely visits to the premises on which the patient is kept.

(c) The veterinarian is readily available for follow-up treatment of the patient if the patient has an adverse reaction to veterinary treatment.

not provide objective standards or the specificity needed to provide fair notice to those who wish to obey, and it is therefore void for vagueness on its face and as applied to him.[4] He also alleged that in the administrative investigation and proceeding against him, the Board was enforcing § 453.02(8) by applying a policy that had not been promulgated as a rule as required by WIS. STAT. § 227.10(1),[5] and the policy was therefore invalid under WIS. STAT. § 227.40(4)(a).[6] The complaint sought de-

---

[4] The constitutional foundation of a vagueness challenge to a statute is the procedural due process requirement of fair notice. *State v. Nelson*, 2006 WI App 124, ¶ 35, 294 Wis. 2d 578, 718 N.W.2d 168. A criminal statute is unconstitutionally vague if it either fails to afford proper notice of the conduct it seeks to proscribe or fails to provide an objective standard for enforcement. *Gross v. Woodman's Food Mkt., Inc.*, 2002 WI App 295, ¶ 56, 259 Wis. 2d 181, 655 N.W.2d 718. There is a lower standard for a vagueness challenge to a civil statute with civil penalties. *Id.* It is unnecessary on this appeal to decide which standard applies to Dr. Metz's vagueness challenge.

[5] WISCONSIN STAT. § 227.10(1) provides:

Statements of policy and interpretations of law; discrimination prohibited.

(1) Each agency shall promulgate as a rule each statement of general policy and each interpretation of a statute which it specifically adopts to govern its enforcement or administration of that statute. A statement of policy or an interpretation of a statute made in the decision of a contested case, in a private letter ruling under s. 73.035 or in an agency decision upon or disposition of a particular matter as applied to a specific set of facts does not render it a rule or constitute specific adoption of a rule and is not required to be promulgated as a rule.

[6] WISCONSIN STAT. § 227.40(4)(a) provides:

(4)(a) In any proceeding pursuant to this section for judicial review of a rule, the court shall declare the rule invalid if it finds that it violates constitutional provisions or exceeds the statutory authority of the agency or was promulgated without compliance with statutory rule-making procedures.

claratory relief and a permanent injunction enjoining the Board from enforcing its invalid policy against him and from enforcing § 453.02(8) in the absence of a properly promulgated administrative rule.

¶ 5. The Board moved for summary judgment and included the administrative complaint with its brief.[7] Once it became clear that Dr. Metz was not pursuing the facial challenge to the statute,[8] the Board's position was that the only issue properly before the court on the as-applied vagueness challenge was whether the statute was unconstitutionally vague as applied to the conduct alleged in the administrative complaint. As for the rulemaking claim, the Board's position was that, based on the allegations in Dr. Metz's complaint, the Board was not applying an unpromulgated rule but was applying the statute to the facts of this particular case. Dr. Metz argued in response that whether he was entitled to declaratory relief on his claims could not be determined based on his complaint or the administrative complaint, and he submitted numerous factual materials in support of his claims. The court denied the Board's motion for summary judgment because it concluded that the Board could not prevail without submitting any factual materials on the merits of Dr. Metz's claims.

¶ 6. The Board filed a petition for interlocutory appeal of the denial of its summary judgment motion and we denied the petition.[9]

---

[7] We discuss later in the opinion whether this motion is in substance a summary judgment motion, *see* footnote 12; but we use the label the Board gave it.

[8] Dr. Metz confirmed at oral argument that he had abandoned his facial challenge to the statute.

[9] Our order denying the petition was issued February 4, 2005, in case number 2004AP3388LV.

¶ 7. After the circuit court granted Dr. Metz's motion to compel discovery,[10] the Board moved for a remand to the administrative agency for fact-finding. Over Dr. Metz's objection, the court granted this motion. In its oral ruling, the court recognized that this was an unusual situation now that there was no issue as to the constitutionality of the statute on its face and it concluded that the proper procedure was for the administrative agency to find the facts for Dr. Metz's as-applied vagueness challenge. The court's remand order stated that it was retaining jurisdiction to decide whether Wis. Stat. § 453.02(8) is unconstitutional as applied to the facts found by the Board.[11]

¶ 8. Dr. Metz filed a petition for interlocutory appeal of the remand order and we granted leave to appeal because we saw a need to clarify the correct procedure. After oral argument, we directed supplemental briefing on a number of issues, including

---

[10] Dr. Metz's discovery was directed at the facts that were the basis for the administrative complaint against him. Much as it had on its summary judgment motion, the Board took the position that Dr. Metz was not entitled to a determination of facts in the circuit court on his as-applied vagueness challenge.

[11] Dr. Metz also filed a motion for summary judgment with copies of the materials he had previously submitted in opposition to the Board's motion for summary judgment. The Board's objection to Dr. Metz's motion for summary judgment was grounded in the same position it had advanced in its motion for summary judgment and advanced, in a different form, in its motion for remand: that Dr. Metz was not entitled to a factual determination in the circuit court, but only to a legal determination whether the statute was unconstitutionally vague as applied to Dr. Metz based on the facts alleged in the administrative complaint. The court denied Dr. Metz's motion for summary judgment at the same time that it granted the Board's motion for a remand.

whether Dr. Metz had the right to obtain a declaratory ruling and an injunction given that the administrative proceeding was pending.

## DISCUSSION

¶ 9. As a threshold matter, we consider whether we should revisit our decision to deny the Board's petition for interlocutory review of the circuit court's order denying its motion for summary judgment. In response to Dr. Metz's petition for interlocutory review of the remand order, the Board asked that, if we granted that petition, we reconsider our denial of its petition for interlocutory review. The Board argued that the issues raised by the two petitions were interrelated. We denied the Board's request. We now reconsider that request and, for the following reasons, we grant the Board's petition for interlocutory appeal of the court's denial of its motion for summary judgment.

██

¶ 10. We agree with the Board that our denial of its petition was based on a misunderstanding of the issue it sought to have reviewed. We now understand the fundamental issue the Board sought to raise was whether Dr. Metz was entitled to any relief in the circuit court beyond a determination whether, based on the facts alleged in the administrative complaint, the statute was unconstitutionally vague as applied to him. This issue is inextricably connected to the Board's motion for remand, because, as the Board explains, it brought that motion only because the circuit court rejected its fundamental position and we did not grant interlocutory review. In addition, Dr. Metz's opposition to the Board's motion for summary judgment is grounded in the same position that is the basis for his

appeal of the remand order: that he is entitled, at the complaint stage of the administrative proceeding, to pursue his claim for declaratory and injunctive relief in the circuit court, and, if the Board does not present to the circuit court the facts supporting the administrative complaint, he is entitled to summary judgment on his claims. In these circumstances we conclude that granting the Board's petition for interlocutory review will permit us to more completely resolve the issues implicated by Dr. Metz's petition for review of the remand order.

¶ 11. Dr. Metz's complaint seeks, in the circuit court, development of the factual basis for the administrative charges brought against him and a declaratory ruling that the statute is unconstitutionally vague as applied to those facts. The supplemental briefing makes clear that Dr. Metz is not seeking a declaratory ruling based on the allegations in the administrative complaint and he is not arguing that, if the court confines its analysis to the allegations in the administrative complaint, he is entitled to a declaratory ruling in his favor.[12] Thus, the real issue in dispute is whether Dr.

---

[12] Apparently because the administrative complaint was not attached as an exhibit to Dr. Metz's circuit court complaint, the Board viewed the administrative complaint as a matter outside the pleading that converted its motion to dismiss to a motion for summary judgment. *See* Wis. Stat. § 802.06(2)(b) ("If on a motion . . . to dismiss for failure to state a claim upon which relief can be granted . . . matters outside of the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment . . . ."). However, the Board's motion was not seeking a summary judgment in its favor on the ground that the facts forming the basis for the charges against Dr. Metz were undisputed; rather the Board was raising a defense to Dr. Metz's claim grounded in the legal theory that he was not entitled to a declaratory ruling based on

Metz is entitled to fact-finding and a declatory ruling in the circuit court (and injunctive relief if he is successful) on his claim that the statute is unconstitutionally vague as applied to him. This implicates the doctrine of exhaustion of administrative remedies and we turn to a discussion of this doctrine.

¶ 12. Generally, when a statute sets forth a procedure for review of administrative action and court review of an administrative decision, this remedy is exclusive and must be employed before other remedies are used. *Nodell Inv. Corp. v. City of Glendale*, 78 Wis. 2d 416, 422, 254 N.W.2d 310 (1977). Two complementary doctrines have developed based on this principle: exhaustion of administrative remedies, which contemplates a situation in which administrative action has begun but has not yet been completed, and primary jurisdiction, which applies when there has been no administrative proceeding. See *Id*. at 427 n.13. In this

a full development of the facts in the circuit court, but only to a ruling based on the allegations of the administrative complaint. The circuit court treated the motion as the former and did not address the Board's legal theory, perhaps confused by the label of summary judgment, as was this court when we originally denied the Board's petition for interlocutory appeal. Whether the Board's motion was properly called a summary judgment motion does not affect our analysis on this appeal and we therefore do not resolve this question.

It is also not necessary for us to resolve whether the Board was correct that Dr. Metz, had he wished, would have been entitled to a declaratory ruling in the circuit court, while the administrative proceeding was pending, on the question whether, based on the facts alleged in the administrative complaint, the statute was unconstitutionally vague as applied to him.

case, because an administrative complaint has already been filed, we are concerned with the exhaustion doctrine.

■

¶ 13. The exhaustion doctrine is typically applied when a party seeks judicial intervention before completing all the steps in the administrative process. *County of Sauk v. Trager*, 118 Wis. 2d 204, 210, 346 N.W.2d 756 (1984). The general rule in this situation is that a party must complete all administrative proceedings before coming into court. *Id.* The purpose of the exhaustion doctrine in this situation is to allow the administrative agency to perform the functions the legislature has delegated to it and to employ its special expertise and fact-finding facility. *Id.* at 210–11; *see also Benson v. Gates*, 188 Wis. 2d 389, 397, 525 N.W.2d 278 (Ct. App. 1994) ("The exhaustion doctrine is premised on the notions that the [agency's] expertise that comes with experience, and the fact-finding facility that comes with flexible procedures, enables the administrative agency to perform a valuable public function." (Citation omitted.)). Preventing premature judicial intervention also allows the agency to correct its own error, thus promoting judicial efficiency; and, in the event judicial review is necessary, the complete administrative process may provide a greater clarification of the issues.[13]

---

[13] There are other situations in which the exhaustion doctrine may be applied: (1) when a party does not follow the statutorily prescribed procedures for judicial review of an agency action but instead seeks judicial review in a different forum or proceeding; and (2) when the administrative agency initiates a civil action to enforce its administrative decision against a party who did not seek judicial review of that decision but seeks to challenge it in the civil action. *County of Sauk v. Trager*, 118 Wis. 2d 204, 211–12, 346 N.W.2d 756 (1984).

*State ex rel. Mentek v. Schwarz,* 2001 WI 32, ¶ 8, 242
Wis. 2d 94, 624 N.W.2d 150.

¶ 14. However, a court "need not apply the ex-
haustion doctrine when a good reason exists for making
an exception." *Trager,* 118 Wis. 2d at 214.

> In exercising its discretion in deciding whether to apply
> the exhaustion doctrine, the court must look at the
> circumstances under which the doctrine arises and the
> reasons for the doctrine, and then balance the advan-
> tages and disadvantages of applying the doctrine in a
> particular case, including the litigant's need for judicial
> review, the agency's interests in precluding litigation,
> and the public's interest in the sound administration of
> justice.

*Mentek,* 242 Wis. 2d 94, ¶ 9 (citing *Trager,* 118 Wis. 2d
at 210, 214).

¶ 15. The situations that courts have held consti-
tute exceptions to the exhaustion doctrine appear to fall
into these categories: the administrative body does
not have the authority to provide the relief sought;[14]
the party who failed to exhaust would have no judicial

[14] *Kmiec v. Town of Spider Lake,* 60 Wis. 2d 640, 645–46,
211 N.W.2d 471 (1973) (where the claim is that a zoning
ordinance is unconstitutional, review by the board of adjust-
ment is inadequate relief because it has no authority to declare
the ordinance unconstitutional and the party may file an action
in circuit court seeking a declaratory ruling on that issue);
*Omernick v. DNR,* 71 Wis. 2d 370, 374–75, 238 N.W.2d 114
(1976) (circuit court erred in dismissing declaratory judgment
action on the ground plaintiffs failed to exhaust their adminis-
trative remedies by not applying for a permit under a statute;
the question whether that statute violated due process could
not be litigated before the agency); *Town of Eagle v. Chris-
tensen,* 191 Wis. 2d 301, 318–19, 529 N.W.2d 245 (Ct. App. 1995)

review in circumstances that would be harsh or un-fair;[15] and the agency has already informed the party of its position on a question of law where the facts are not disputed.[16]

¶ 16.　The standard of review an appellate court is to employ in deciding whether the exhaustion doctrine applies in a particular case is not clear. The supreme court has in at least two cases used the phrase "exercising discretion" in describing a court's decision whether to apply the exhaustion doctrine. *Trager*, 118 Wis. 2d at 214; *Mentek*, 242 Wis. 2d 94, ¶ 9. However, it appears

---

(landowners were not required to challenge their assessments before their town board because that board did not have authority to provide relief on their claim that the different classifications used by different townships resulted in a violation of the uniformity clause).

[15] *Trager*, 118 Wis. 2d at 216 (an aggrieved party should be permitted to challenge an agency decision that the agency is seeking to enforce in a civil action, even though he previously failed to seek administrative review, because the consequences of precluding him from raising what appears to be a valid defense are harsh); *Town of Menasha v. B&B Race Car Eng'g*, 172 Wis. 2d 419, 426, 493 N.W.2d 250 (Ct. App. 1992) (the court notes the harshness that would have resulted in *Trager*, and on that same reasoning does not apply the exhaustion doctrine); *Mentek v. Schwarz*, 2001 WI 32, ¶ 16, 242 Wis. 2d 94, 624 N.W.2d 150 (an aggrieved party who did not timely file an administrative appeal of a decision to revoke his probation should be permitted to file a certiorari petition for review in the court because otherwise he will have no meaningful judicial review).

[16] *Benson v. Gates*, 188 Wis. 2d 389, 401, 525 N.W.2d 278 (Ct. App. 1994) (where the agency had informed the parties their claims for benefits were time-barred, and there were no factual disputes, the parties were permitted to file an action for mandamus and other relief because further use of the administrative procedure would be futile).

that the supreme court undertakes a de novo analysis of whether it should apply the doctrine. *See Trager,* 118 Wis. 2d at 214–17; *Mentek,* 242 Wis. 2d 94, ¶¶ 9–17; *see also Kmiec v. Town of Spider Lake,* 60 Wis. 2d 640, 645–47, 211 N.W.2d 471 (1973); *Nodell,* 78 Wis. 2d at 422–24. We also observe that in *Jackson County Iron Co. v. Musolf,* 134 Wis. 2d 95, 100, 396 N.W.2d 323 (1986), the supreme court expressly treated as a question of law the issue whether the failure to exercise the statutorily provided procedure for administrative review of a tax assessment prohibited that party from seeking a declaratory judgment barring enforcement and collection of the tax.

¶ 17. This court also appears to engage in a de novo analysis of the issue rather than reviewing with deference the circuit court's decision, although our opinions are not clear on this point. *See, e.g., Town of Menasha v. B&B Race Car Eng'g,* 172 Wis. 2d 419, 423–26, 493 N.W.2d 250 (Ct. App. 1992) (concluding that the doctrine does not apply after a discussion that appears to consider the issue de novo, while also concluding the circuit court "did not [erroneously exercise] its discretion in declining to apply the exhaustion doctrine . . ."); *Benson v. Gates,* 188 Wis. 2d at 398–401 (apparently considering the issue de novo, without deference to the circuit court); *Badger Paper Mills, Inc. v. DNR,* 154 Wis. 2d 435, 439–41, 452 N.W.2d 797 (Ct. App. 1990) (deciding de novo whether appellants presented an adequate reason not to apply the exhaustion doctrine rather than reversing and remanding to the circuit court to make that determination); *Town of Eagle v. Christensen,* 191 Wis. 2d 301, 317–19, 529 N.W.2d 245 (Ct. App. 1995) (apparently deciding the issue de novo).

¶ 18. We find it unnecessary in this case to establish a general rule on the standard of appellate review for the applicability of the exhaustion doctrine. Because the circuit court here did not rule on this issue, we will conduct an independent analysis. As in *Badger Paper Mills*, we see no need to remand to the circuit court for this purpose, given that the decision involves the application of a set of well-established principles to the complaint in this action and the administrative complaint.

■

¶ 19. Dr. Metz presents several arguments against the application of the exhaustion doctrine.[17]

---

[17] Dr. Metz objects to our addressing the exhaustion doctrine because the circuit court did not rule on it. We do not agree with him that this is a "new issue." Instead, we view it as a more focused way of identifying what we see as the parties' fundamental dispute. In any event, we have the authority to decide an issue that was not presented to the circuit court, and it is proper to do so when both parties have the chance to brief it, it is a question of law, the record is adequate to resolve it, and there are compelling reasons to do so. *See County of Columbia v. Bylewski*, 94 Wis. 2d 153, 171–72, 288 N.W.2d 129 (1980). We conclude all those factors exist here. The parties have had the opportunity to brief the application of the exhaustion doctrine in the supplemental briefing, there is no need for further factual development of the record, and, as we have explained above, there is no need to remand to the circuit court. In addition, the relationship between pending administrative proceedings and circuit court actions related to those proceedings is a fundamental aspect of administrative law and justifies our taking up the issue.

We also observe that Dr. Metz objects to our requesting supplemental briefing on the "underlying *merits* of [his] claims." This is not an accurate characterization of the questions we asked the parties to brief. We asked whether, "[g]iven that an administrative complaint has already been filed, does Dr. Metz have the right to obtain a declaratory ruling . . ." on his

First, Dr. Metz contends that he has a right to a declaratory judgment under Wis. Stat. § 806.04(2)[18] because his claims come within the terms of that statute. However, this does not address the application of the exhaustion doctrine, which may apply even though a party seeks relief that falls within § 806.04(2). *See, e.g., Nodell*, 78 Wis. 2d 416 (applying the exhaustion doctrine to preclude action for a declaratory ruling that deeds to the city were void and the plan commission's administration of the ordinance violated the constitutional guarantee of equal protection and just compensation).

¶ 20. Second, Dr. Metz argues that he has the right to challenge the constitutional validity of a statute on vagueness grounds and obtain an injunction against

as applied and rulemaking claims, or, in the alternative, "does the circuit court have the discretion to permit [him] to proceed" on these claims? We did not ask whether Dr. Metz was entitled to a declaratory ruling *in his favor.* Based on the substance of their arguments in their supplemental briefs, we are satisfied that both parties understood the questions as we intended them—not going to the merits of Dr. Metz's claims for declaratory and injunctive relief, but to whether they could or should be decided in the circuit court given that an administrative complaint has already been filed.

[18] Wisconsin Stat. § 806.04(2) provides:

(2) Power to construe, etc. Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder. No party shall be denied the right to have declared the validity of any statute or municipal ordinance by virtue of the fact that the party holds a license or permit under such statutes or ordinances.

its application to him before he is actually injured by it. Again, this argument addresses the requirements of an action for a declaratory ruling, but not the application of the exhaustion doctrine where an administrative proceeding has already been commenced. Indeed, in none of the cases Dr. Metz cites is there a pending administrative proceeding. *See, e.g., Soglin v. Kauffman*, 295 F. Supp. 978, 984 (W.D. Wis. 1968), *aff'd*, 418 F.2d 163 (7th Cir. 1969); *Putnam v. Time Warner Cable*, 2002 WI 108, 255 Wis. 2d 447, 649 N.W.2d 626; *Lister v. Board of Regents*, 72 Wis. 2d 282, 240 N.W.2d 610 (1976).

■

¶ 21. Third, Dr. Metz contends that the administrative process will not provide him with adequate relief because administrative agencies have no power to declare state laws unconstitutional. It is true that administrative agencies do not have the power to declare statutes unconstitutional, *see Warshafsky v. Journal Co.*, 63 Wis. 2d 130, 147, 216 N.W. 2d 197 (1974), and that the lack of an administrative agency's authority in this regard has been a basis for not applying the exhaustion doctrine. *See Kmiec*, 60 Wis. 2d at 645–46; *Omernick v. DNR*, 71 Wis. 2d 370, 374–75, 238 N.W.2d 114 (1976); *Town of Eagle*, 191 Wis. 2d at 318–19. However, Dr. Metz is not pursuing a claim that Wis. Stat. § 453.08(2) is unconstitutional on its face. His constitutional claim is that the statute is unconstitutionally vague as applied to him. As the court in *Nodell* recognized, even when the claim is phrased in constitutional terms—there, that the manner in which the ordinance was administered violated the party's right to equal protection and just compensation—if the agency has the authority to provide the relief requested without invalidating the ordinance, the constitutional basis

for the claims does not in itself support an exception to the exhaustion rule. 78 Wis. 2d at 426–27; *see also Omernick*, 100 Wis. 2d at 247 (while an administrative agency may not determine the constitutionality of legislative enactments, other "constitutional questions may arise under other circumstances where an administrative agency does have the authority to deal with them") (citing *Nodell*, 78 Wis. 2d at 426–27).

¶ 22. Other cases likewise make the distinction, for purposes of the exhaustion and primary jurisdiction doctrines, between a constitutional challenge to the manner in which a statute or ordinance is being applied and the invalidity of the enactment itself. In *Master Disposal, Inc. v. Village of Menomonee Falls*, 60 Wis. 2d 653, 659, 211 N.W.2d 477 (1973), the court concluded that a challenge to the lack of due process in the manner in which the administrative agency applied the ordinances does not go to the validity of the ordinance and therefore should be challenged in certiorari review of the agency decision, not in a declaratory judgment action.[19] In *Sawejka v. Morgan*, 56 Wis. 2d 70, 80–81, 201 N.W.2d 528 (1972), the court held that the circuit court properly applied the doctrine of primary jurisdiction to permit the tax appeals commission to make the initial decision on the validity or constitutionality of applying a tax statute to the plaintiff's business.

¶ 23. The reasoning of these cases supports applying the exhaustion doctrine in this case. The Board could be persuaded by Dr. Metz's argument that Wis.

[19] Although the court in *Master Disposal, Inc. v. Village of Menomonee Falls*, 60 Wis. 2d 653, 659, 211 N.W.2d 477 (1973), refers to the "jurisdiction" of the courts, later cases make clear that the exhaustion doctrine is not a rule regulating the jurisdiction of the courts but a rule of policy, conveniences, and discretion. *See, e.g., Trager*, 118 Wis. 2d at 211–12.

STAT. § 453.02(8) and WIS. STAT. § 453.068(1)(c) should not be applied to his conduct. The Board might decide that it should not apply the statute to his conduct for policy reasons, or it might decide that it should not do so for constitutional reasons, or it might decide that the facts it finds do not constitute a violation of the statutes for other reasons. The point is that the Board does not need to declare the statute unconstitutional in order for Dr. Metz to prevail.

¶ 24. There is another significant distinction between this case and those in which claims of constitutional invalidity of an ordinance or statute were the basis for an exception to the exhaustion requirement. Because Dr. Metz is challenging the statute on the ground that they are vague as applied to him, a determination of the facts to which the statute is being applied is critical. This squarely implicates the administrative fact-finding function, as the circuit court recognized in remanding to the agency for fact-finding, and favors applying the exhaustion doctrine.

¶ 25. Fourth, Dr. Metz contends that, because the administrative complaint does not contain the specific facts that are the basis for the charge that he violated WIS. STAT. § 453.068(1)(c), he is entitled to have the agency disclose the facts in this action because otherwise he cannot challenge the constitutionality of the statute as applied to him. We do not understand this argument. It appears to confuse Dr. Metz's claim that the statute is vague as applied to him with the adequacy of the administrative complaint to inform him of the charges against him. If the administrative complaint is inadequate to give Dr. Metz notice of the conduct that the agency claims is a violation of the statute, we see no reason he cannot remedy that in the administrative proceeding. For example, WIS. ADMIN. CODE § RL 2.11

and WIS. STAT. § 227.44(4)(a) provide for a prehearing conference to take up various issues including "the necessity or desirability of amendments to the pleadings." Dr. Metz acknowledged at oral argument that he had not made a "specific challenge to the sufficiency of the administrative complaint" and was not making the argument that the administrative complaint did not comply with any applicable pleading requirements. However, his counsel asserted, even if Dr. Metz could and did obtain a more detailed recitation of facts in an amended administrative complaint, he would still be entitled to pursue his claims for declaratory and injunctive relief in the court.

¶ 26. In his supplemental brief, Dr. Metz's position seems to be somewhat different: that no rule or statute *requires* the agency to be more specific in the administrative complaint and, thus, it is impossible for him to obtain a more specific complaint from the agency. We are unwilling to assume that the agency would decline to provide additional details in the absence of any attempt to raise this issue before the agency. Moreover, even if a lack of specificity in the administrative complaint and a lack of means to require more specificity entitled Dr. Metz to judicial intervention at this stage of the administrative proceedings, the appropriate course would appear to be to seek an order from the circuit court directing the agency to issue a more specific complaint. This is plainly not the relief Dr. Metz is seeking in this action. We see no logical connection between a lack of specificity in the administrative complaint, if that is indeed the case, and a need to skip the entire administrative process and undertake discovery in a circuit court action.

810

¶ 27. In summary, we are not persuaded by any of Dr. Metz's arguments that the exhaustion doctrine should not apply in this case. We conclude the principles underlying the doctrine are served by applying it in this case. As we have already noted, a resolution of Dr. Metz's as-applied constitutional claim involves fact-finding. It may also involve the Board's expertise and policy judgment in applying the statute. These are the core functions delegated by the legislature to an administrative agency. The Board has not yet had an opportunity to respond to Dr. Metz's assertion that the statute is unconstitutional as applied to him, and we see no reason to prevent the agency from considering this claim after a full development of the facts. If the agency agrees with him, there is no need for judicial review; if it does not, there will be a fully developed record of the facts and the agency's reasoning, which will aid the court in its review.

¶ 28. We also consider whether Dr. Metz has a need for judicial intervention at this time on his as-applied constitutional claim and we conclude he does not. This issue will be preserved for judicial review and he has presented no reason why the combination of the administrative process and judicial review will not provide an opportunity to have this claim fully considered. See WIS. STAT. § 227.52 (providing for judicial review of administrative decisions). Nor do we see any reason why the public's interest in the sound administration of justice requires interruption of the administrative process in these circumstances. Finally, the agency has an interest in not having its administrative procedure interrupted absent compelling reasons, and we conclude there are none.

¶ 29. Having concluded that the exhaustion of administrative remedies doctrine applies to Dr. Metz's as-applied constitutional claim, we turn to his rulemaking claim. Whether an agency has applied a rule without promulgating it as required by WIS. STAT. § 227.10(1) is an issue that an administrative agency has the authority to rule on. *See Heritage Credit Union v. OCU*, 2001 WI App 213, ¶¶ 27–28, 247 Wis. 2d 589, 634 N.W.2d 593. Dr. Metz does not argue that he is entitled to declaratory and injunctive relief on his rulemaking claim if the exhaustion doctrine applies to his constitutional claim. We conclude that all the reasons that favor applying the doctrine to the as-applied constitutional claim apply with equal force to the rulemaking claim.

¶ 30. Because the doctrine of exhaustion of administrative remedies applies in this case, we conclude the Board is entitled to an order granting its motion for summary judgment and dismissing the complaint. We therefore reverse the court's order denying the Board's motion for summary judgment, reverse the court's order remanding to the agency while retaining jurisdiction, and remand with directions to enter an order dismissing this action.

*By the Court.*—Orders reversed and cause remanded with directions.