St. Croix Valley Home Builders Association, Inc.,
Plaintiff-Appellant,†

v.

Township of Oak Grove, Defendant-Respondent.

Court of Appeals

*No. 2009AP2166. Oral argument June 1, 2010.
—Decided June 22, 2010.*

2010 WI App 96

(Also reported in 787 N.W.2d 454.)

† Petition for Review filed.

512

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Timothy J. Hassett* of *Felhaber, Larson, Fenlon & Vogt, P.A.* of St. Paul, Minnesota. There was oral argument by *Timothy J. Hassett.*

On behalf of the defendant-respondent, the cause was submitted on the brief of *Mark J. Gherty* of *Gherty and Gherty, S.C.* of Hudson. There was oral argument by *Mark J. Gherty.*

A nonparty brief was filed by *Thomas D. Larson* of Madison, for Wisconsin Realtors® Association.

Before Hoover, P.J., Peterson and Brunner, JJ.

¶ 1. PETERSON, J. St. Croix Valley Home Builders Association, Inc., appeals a judgment dismissing its request for a declaration invalidating the Town of Oak Grove's impact fee ordinances.[1] The Association argues the circuit court erred by concluding it was required to exhaust administrative remedies before seeking judicial relief. We disagree and affirm.

## BACKGROUND

¶ 2. In 2003, the Town of Oak Grove enacted an ordinance, pursuant to Wis. Stat. § 66.0617[2] (the enabling statute), imposing an impact fee on "any person seeking to construct or create a land development within the Town." The purpose of the fee was to

---

[1] The pleadings refer to Oak Grove as a township. In Wisconsin, however, the correct designation is "town." We therefore use that designation throughout the opinion.

[2] References to the Wisconsin Statutes are to the 2007–08 version.

513

apportion, on land developers, a share of the costs the Town would incur to expand or create public facilities as a result of development.

¶ 3. As required by the enabling statute, the Town prepared a needs assessment to identify costs it anticipated it would incur from development. Based on this needs assessment, the ordinance set the fee at $3,190. Paralleling the language of the enabling statute, the ordinance stipulated that fees collected under the ordinance:

 (a) Shall bear a rational relationship to the need for new, expanded or improved public facilities that are required to serve land development.

 (b) May not exceed the proportionate share of the capital costs that are required to serve land development as compared to existing land uses of land within the Town of Oak Grove.

 (c) Shall be based upon actual capital costs or reasonable estimates of capital costs for new, expanded or improved facilities.

 . . . .

 (f) May not include amounts necessary to address existing deficiencies in public facilities.

Town of Oak Grove, Wis., Ord. § 19.05 (2003). The ordinance also authorized the Town board to periodically review and modify the impact fees to account for changing facility needs and revised cost estimates.

¶ 4. Also as required by the enabling statute, the ordinance contained an appeal process. That process permitted anyone who paid the fee to contest the amount and method of collecting the fee, or the purpose for which the Town expended the fee funds. The ordi-

nance specified that any appeal had to be initiated within thirty days of the fee's due date. Once the Town received a notice of appeal, it was required to compile a record of the management and expenditures of the contested fee, hold a public hearing, and evaluate the merits of the appeal. If the board concluded the appeal had merit, it could determine an appropriate remedy, including "reallocation of the proceeds of the challenged impact fee . . ., refunding the impact fee in full or in part . . ., or such other remedies as it deems appropriate in a particular case."

¶ 5. The St. Croix Valley Home Builders Association is a trade association comprised of real estate developers, some of whom paid impact fees under the Town's ordinance. None of the members appealed fees under the ordinance's appeal process. However, on June 7, 2007, the Association served the Town with a notice of claim.[3] The notice stated the Association intended to seek a declaratory judgment invalidating the ordinance because it was void and unconstitutional. The Town denied the Association's claim.

¶ 6. In January 2008, the Town repealed the 2003 ordinance and enacted a new one after completing an updated needs assessment. The new ordinance shortened the time the Town had to use the fees and the time for filing an appeal. It retained the same total fee of $3,190 but reallocated the manner in which the fee was to be used. The ordinance remained the same as its predecessor in most other respects.

¶ 7. On March 7, 2008, the Association sued the Town, seeking a declaration that both the 2003 and 2008 ordinances were invalid and an order requiring the Town

---

[3] The Association attached to its notice of claim a copy of its proposed complaint detailing its position.

to refund fees collected under them. The Association alleged both ordinances were void because, contrary to the directives in the enabling statute, they levied a disproportionate share of the Town's costs on development and improperly burdened developers with the cost of correcting the Town's existing deficiences. It also alleged the ordinances were unconstitutional because they irrationally discriminated against development.[4]

¶ 8. The Town moved to dismiss the Association's claims, arguing it was precluded from seeking judicial relief because it failed to use the appeal process provided by the ordinance. The circuit court agreed the Association was required to exhaust administrative remedies before bringing its claims in court and dismissed the suit.

## DISCUSSION

¶ 9. The Association raises two issues on appeal: (1) whether it was required to exhaust administrative remedies before seeking judicial relief; and (2) whether filing a notice of claim with the Town satisfied any obligation to exhaust administrative remedies.

¶ 10. We have previously expressed uncertainty about the standard appellate courts apply when reviewing a circuit court's application of the exhaustion doctrine. *Metz v. Veterinary Exam. Bd.*, 2007 WI App 220, ¶ 16, 305 Wis. 2d 788, 741 N.W.2d 244. However, our supreme court has repeatedly stated that circuit courts "exercis[e] discretion in deciding whether to apply the

---

[4] The Town's appellate argument makes little distinction between the alleged infirmities of the 2008 ordinance and those of its predecessor. Therefore, for simplicity's sake, we refer to the ordinances together in the singular for the remainder of the opinion.

exhaustion doctrine . . . ." *State ex rel. Mentek v. Schwarz*, 2001 WI 32, ¶ 9, 242 Wis. 2d 94, 624 N.W.2d 150; *County of Sauk v. Trager*, 118 Wis. 2d 204, 214–17, 346 N.W.2d 756 (1984). We may not dismiss these statements.[5] *See Zarder v. Humana Ins. Co.*, 2010 WI 35, ¶¶ 54–58, 324 Wis. 2d 325, 782 N.W.2d 682. When a circuit court exercises its discretion, it follows that we review its decision for the erroneous exercise of discretion. "A circuit court properly exercises its discretion when it examines the relevant facts, applies a proper standard of law, and uses a demonstrably rational process to reach a conclusion that a reasonable judge could reach." *American Fam. Mut. Ins. Co. v. Golke*, 2009 WI 81, ¶ 43, 319 Wis. 2d 397, 768 N.W.2d 729.

### 1. Whether the Association was required to exhaust administrative remedies

¶ 11. WISCONSIN STAT. § 66.0617(10) requires municipalities that enact impact fee ordinances to "by

---

[5] In *Metz v. Veterinary Examining Board*, 2007 WI App 220, 305 Wis. 2d 788, 741 N.W.2d 244, we stated that while our supreme court has described a court's decision to apply the exhaustion as "exercising its discretion," it also appears to undertake "a de novo analysis of the issue rather than reviewing with deference the circuit court's decision . . . ." *Id.*, ¶¶ 16–17. Our supreme court recently clarified, however, that we "may not dismiss a statement from an opinion [by the supreme court] by concluding that it is dictum." *Zarder v. Humana Ins. Co.*, 2010 WI 35, ¶ 58, 324 Wis. 2d 325, 782 N.W.2d 682. Therefore, we conclude the supreme court meant what it said: that circuit courts exercise discretion when determining whether to apply the exhaustion doctrine. *See State ex rel. Mentek v. Schwarz*, 2001 WI 32, ¶ 9, 242 Wis. 2d 94, 624 N.W.2d 150; *County of Sauk v. Trager*, 118 Wis. 2d 204, 214–16, 346 N.W.2d 756 (1984).

ordinance, specify a procedure under which a developer upon whom an impact fee is imposed has the right to contest the amount, collection or use of the impact fee to the governing body of the municipality." "[W]here a statute sets forth a procedure for review of administrative action and court review of the administrative decision, such remedy is exclusive and must be employed before other remedies are used." *Nodell Inv. Corp. v. City of Glendale*, 78 Wis. 2d 416, 422, 254 N.W.2d 310 (1977). Therefore, courts will generally deny judicial relief until the parties have exhausted their administrative remedies. *Id.* at 424. This rule "is a doctrine of judicial restraint, justified by good policy reasons." It permits the administrative agency to apply its own expertise to the matter, promotes judicial efficiency, and may provide the court with greater clarification of the issues in the event the matter is not resolved before the agency. *Mentek*, 242 Wis. 2d 94, ¶ 8.

¶ 12. However, a court "need not apply the exhaustion doctrine when a good reason exists for making an exception." *Trager*, 118 Wis. 2d at 214. Rather,

> [i]n exercising its discretion in deciding whether to apply the exhaustion doctrine, the court must look at the circumstances under which the doctrine arises and the reasons for the doctrine, and then balance the advantages and disadvantages of applying the doctrine in a particular case, including the litigant's need for judicial review, the agency's interest in precluding litigation, and the public's interest in the sound administration of justice.

*Mentek*, 242 Wis. 2d 94, ¶ 9 (footnote omitted).

¶ 13. The Association argues this case presents one of those instances in which the exhaustion doctrine should not be applied. Citing *Nodell*, 78 Wis. 2d at 425

n.12, it contends its claims fall within a panoply of exceptions to the doctrine.[6] The thrust of its argument, however, is that the circuit court erred by concluding it was required to exhaust administrative remedies because it is challenging the validity and constitutionality of the ordinance, which it asserts are legal questions best resolved by a court.[7]

¶ 14. Challenges to statutes or ordinances are not exempt from the exhaustion of administrative remedies doctrine simply because they allege a statute or ordinance is invalid or unconstitutional as applied to a particular factual scenario. *See id.* at 426–27. Rather, "even when the claim is phrased in constitutional terms . . . if the agency has the authority to provide the

---

[6] The Association's discussion of these exceptions is based on a footnote in *Nodell Investment Corp. v. City of Glendale*, 78 Wis. 2d 416, 254 N.W.2d 310 (1977), in which our supreme court observed that

> commentators have classified the reasons for excusing exhaustion of administrative remedies as follows: (1) The agency has no jurisdiction to act in the matter. (2) The administrative action is fatally void. (3) A question of law is involved in which the administrative agency's expertise is not an important factor. (4) A substantial constitutional question is involved. (5) The administrative remedy is inadequate to avoid irreparable harm. (6) Recourse to the administrative agency would be a futile or useless act.

*Id.* at 425 n. 12. The Association argues all but the first of these exceptions apply here.

[7] The Association also argues it was not required to exhaust administrative remedies because the 2003 ordinance was repealed, and therefore its administrative appeal process no longer exists. This argument ignores the ordinance's requirement that appeals be brought within a specified time period, which none of the developers did.

relief requested without invalidating the ordinance, the constitutional basis for the claims does not in itself support an exception to the exhaustion rule." *Metz*, 305 Wis. 2d 788, ¶ 21 (citing *Nodell*, 78 Wis. 2d at 426–27). Here, the circuit court concluded the Association was raising "as-applied" challenges to the ordinance's validity and constitutionality, issues that could have been resolved administratively.

¶ 15. The Association argues this is not correct. It contends it has presented a facial challenge to the ordinance because it is not attacking the ordinance's application to any particular person, but alleging the ordinance is illegal with respect to everyone to whom it might be applied. This argument misapprehends the distinction between facial and as-applied challenges.

■

¶ 16. A party challenging the facial validity of an ordinance must show that the law as written "cannot be enforced 'under any circumstances.' " *See State v. Wood*, 2010 WI 17, ¶ 13, 323 Wis. 2d 321, 780 N.W.2d 63. However, the Association cannot make this showing because there is nothing in the language of the ordinance itself that levies the Town's expenses disproportionately on development. Rather, the ordinance expressly establishes that the impact fees are for increased expenses due to development, expenses the Town estimated after conducting the needs assessment required by statute. The ordinance also affirms the fees shall bear a rational relationship to needs caused by development and may not exceed the proportionate share of the capital costs required to serve development compared with existing land uses.

¶ 17. In order to prove its claim, the Association has cited evidence that goes way beyond the face of the ordinance. For example, its appellate brief contains

extensive citations to the Town's needs assessments, comprehensive plan, population growth estimate, and testimony of its engineers and supervisors. The Association also cites the testimony of its own experts and population growth estimates from other governmental agencies. This is precisely the kind of evidence relevant to an as-applied challenge.

¶ 18. But whether the Association's challenge is characterized as facial or as-applied, we agree with the circuit court there were nevertheless good reasons to apply the exhaustion doctrine. The Association's claims contest the amount of the fee and the ways in which the fee is spent. These issues lie squarely within the ordinance's appeal process. They also present claims the Town had the authority to remedy—it could have refunded the fees in whole or part, or revised the ordinance to correct any errors. Because the Association's claims could have been resolved administratively, requiring it to use the ordinance's appeal process promotes judicial efficiency. *See Mentek*, 242 Wis. 2d 94, ¶ 8.

¶ 19. Further, as pointed out above, the Association's claims rely on a great deal of evidence, the development of which is crucial to the resolution of its claims. An administrative appeal would have provided the opportunity for those most intimately involved in the matter to develop this evidence and clarify the issues for any judicial appeal. *Id.*

¶ 20. Here, the circuit court concluded the Association not only could have, but should have used the ordinance's administrative appeal process. It observed that the legislature created an administrative remedy procedure precisely so "every one of these cases would [not] be directly put into the court," and that in fact-intensive cases such as this one, it is best to "give [the

administrative bodies] a first chance. Because that's why they're there . . . the courts have limited resources. These matters should be put before the bodies that are most intimately and closely connected to the facts involved in the case."

¶ 21. The circuit court's decision to apply the exhaustion doctrine was not erroneous.[8] Indeed, the case the Association relies on holds that the exhaustion rule should be applied when, as here, "the administrative remedy (1) is available to the party on his initiative, (2) relatively rapidly, and (3) will protect the party's claim of right." *See Nodell*, 78 Wis. 2d at 424–25 nn.11–12.

## 2. Whether the notice of claim satisfied the Association's obligation

■

¶ 22. The Association also argues it satisfied any obligation to exhaust administrative remedies by filing a notice of claim with the Town. The notice of claim statute requires parties who intend to sue governmental units to give written notice before filing the suit. This allows the governmental unit an opportunity to investigate and evaluate the claim, effect compromise without suit, and budget for settlement or litigation. *Griffin v. Milwaukee Transp. Servs., Inc.*, 2001 WI App 125, ¶ 14, 246 Wis. 2d 433, 630 N.W.2d 536 (citation omitted).

¶ 23. Accepting the Association's argument would eviscerate the exhaustion of administrative remedies doctrine. Contrary to the Association's assertions, the

_____

[8] Although we reviewed the circuit court's decision to apply the exhaustion doctrine for the erroneous exercise of discretion, we note that we would have reached the same conclusion under any standard of review.

notice of claim requirement and administrative appeal process do not serve the same function. The notice of claim statute requires a plaintiff to notify a governmental unit of the circumstances of its claim and relief sought, which the governmental unit may then either deny or allow. The ordinance's administrative appeal process, however, provides a specific framework for resolving disagreements about fees imposed under the ordinance.

## CONCLUSION

¶ 24. The general rule is "that judicial relief will be denied until the parties have exhausted their administrative remedies; the parties must complete the administrative proceedings before they come to court." *Nodell*, 78 Wis. 2d at 424. While courts need not apply this doctrine when a good reason exists for making an exception, *Trager*, 118 Wis. 2d at 214, these circumstances are generally limited to those instances in which the administrative review process cannot adequately provide the relief requested. *See Nodell*, 78 Wis. 2d at 424–25 and nn. 11–12. Here, the Association alleged the Town enacted an impact fee ordinance that disproportionately imposed the Town's costs on development. The ordinance itself contained a mechanism for appealing these issues, but the Association did not use it. The circuit court, therefore, did not erroneously exercise its discretion when it concluded the Association should have used the ordinance's appeal process before bringing its claims to court.

*By the Court.*—Judgment affirmed.